BAILES, Judge.
Plaintiff herein seeks to recover damages to his automobile as well as for inconsequential physical injuries allegedly incurred in a collision on North St., in the City of Baton Rouge on September 21, 1963, with a Thunderbird automobile owned and operated by defendant, John Isreal Shipp and insured by the other defendant, Fidelity Phenix Insurance Company of New York. Trial court awarded plaintiff judgment in the amount of $246.96.' Defendants appeal.
For a cause of action plaintiff alleges he was driving east on North Street, and Shipp entered North Street from plaintiff’s left at 31st Street, (however undoubtedly it was 30th Street as the accident occurred, according to the investigating officer, west of 31st Street). As plaintiff was driving in the right lane, defendant switched lanes or cut over in front of him in such close proximity as to cause plaintiff to strike the rear of defendant Shipp’s automobile, and that the accident and resulting damages were caused entirely by the negligence of defendant Shipp by such improper driving.
Defendants answered denying the occurrence of the accident in the manner alleged by plaintiff. They contend the accident was caused solely by the excessive speed of plaintiff, and alternatively plead contributory negligence on the part of plaintiff.
At the trial, the only witnesses to testify were the plaintiff and the investigating officer of the Baton Rouge City Police Department. Plaintiff testified he was proceeding at a speed of about 35 mph when Shipp drove from the left into plaintiff’s traffic lane directly in front of him causing him to strike Shipp’s vehicle in the rear. The investigating officer testified the accident occurred in the right traffic lane of North Street, that both vehicles were headed east and that he found 100 feet of skid marks left by plaintiff’s vehicle. Mr. Shipp did not appear as a witness in his own behalf. Defendants offered the Blashfield vehicular stop chart in evidence to support their charge of contributory negligence.
The trial court, after considering the location of the accident, the testimony of the plaintiff and the investigating officer and the stopping chart, concluded the following :
“ * * *
“The only thing I can do with this evidence is to find that the driver of the Thunderbird car (defendant, Shipp) was grossly negligent in coming out into the street and turning in front of the car (the plaintiff). If the car was coming fast he should have seen it and stayed out of that lane and there is no question in my mind but what the defendant is guilty of negligence and the proof is not sufficient to hold the plaintiff guilty of contributory negligence.”
The defendant has not shown us wherein in this ruling the trial court committed manifest error, and without such error we are not justified in reversing its judgment. Independent of the trial court’s finding, *226 from our review of the record, we reach the same conclusion as the trial court.
Accordingly, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.