JOANOS, Judge.
At about 2:30 a.m. on November 14,1982, Officer McDonald, who had stopped his vehicle and was in the process of issuing a citation to a motorist, observed a motorcycle run a red light. McDonald radioed Officer Baxter, who had driven past McDonald a short time before, to “stop the black motorcycle coming from behind you.” Baxter stopped appellant, who was riding the only motorcycle Baxter saw, and then called McDonald to find out why he wanted him to stop the motorcycle. McDonald told Baxter he had seen the motorcycle run the red light and he wanted Baxter to issue a traffic citation. When Baxter approached appellant McClendon to issue the citation, he observed a medium-sized bulge in the pocket area of appellant’s jacket. Baxter patted the area, felt a hard object, and about that time the pocket fell open revealing a pistol. Baxter seized the pistol and arrested McClendon for carrying a concealed firearm and possession of a firearm by a convicted felon, and he was later adjudicated guilty of both offenses. Baxter also cited appellant for running the red light. Baxter later said that when he observed him, McClendon was complying with all traffic laws.
McClendon appeals the denial of his motion to suppress evidence, arguing that both the stop and the subsequent frisk were illegal. McClendon contends Baxter was not authorized to stop him for the traffic infraction because the violation did not occur in Baxter’s presence, therefore it was not authorized by Section 901.15(5), Florida Statutes,[1] and it was a non-criminal infraction, see Section 318.14(1), Florida Statutes, therefore the stop was not authorized by Section 901.151, Florida Statutes.[2]
Although appellee’s brief is unresponsive to the issue of the significance of the violation being a non-criminal traffic infraction, we have concluded that the denial of the motion to suppress should be upheld on the authority of Section 901.18, which provides:
A peace officer making a lawful arrest may command the aid of persons he deems necessary -to make the arrest. A person commanded to aid shall render assistance as directed by the officer. A person commanded to aid a peace officer shall have the same authority to arrest as *54 that peace officer and shall not be civilly liable for any reasonable conduct in rendering assistance to that officer.
McClendon argues that even if the stop was valid, the frisk which led to the discovery of the firearm was not authorized because Baxter did not encounter him under circumstances indicating he had violated any criminal law, suggesting that only if he had moved his hand towards the pocket where the bulge was observed would Baxter have been justified in conducting a frisk. We disagree and conclude that the protective action taken by Baxter was justified under the circumstances, specifically because of the time of day, the fact that Officer Baxter was alone, and because of the visible bulge in McClendon’s pocket.
AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.

. 901.15 When arrest by officer without warrant is lawful. — A peace officer may arrest a person without a warrant when:
[[Image here]]
(5) A violation of chapter 316 has been committed in the presence of the officer. Such arrest may be made immediately or on fresh pursuit.

. 901.151 Stop and Frisk Law.—
[[Image here]]
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.