PER CURIAM.
The State of Florida appeals from a final order granting appellee’s motion to suppress physical evidence. We reverse.
Appellee was observed accepting money from another person and then placing a small manila envelope in his right rear pocket. The two plain clothed police officers then approached appellee, told him that they suspected that he was involved in a drug transaction and asked him to remove his right hand from his right rear pocket. One officer testified that there was an open manila envelope in appellee’s hand. He looked into the envelope and saw several wrapped pieces of a substance which appeared to be cocaine. Thereafter, appellee was arrested and, as he was being placed in the police car, the officers observed another manila envelope in appel-lee’s rear pocket. Upon examining the envelope, the officers discovered heroin.
At the suppression hearing the officers testified that this area of Coconut Grove had a history of drug transactions and that the area had been targeted for special attention because of citizen complaints about the amount of drugs sold there. Both officers testified that in their experience the type of manila envelope which they observed in appellee’s possession was used in almost all of the drug transactions in this area. The trial court granted the motion to suppress because, while it accepted the police officers’ testimony as true, neither officer observed appellee pass anything to the other person in exchange for the money received. Thus, it found that the officers had no probable cause to conduct a war-rantless search of appellee.
We find that our reversal is compelled by P.L.R. v. State, 455 So.2d 363 (Fla.1984), in which the Florida Supreme Court found that a police officer at a narcotics transaction site, making an unrelated narcotics arrest, had probable cause to arrest the juvenile when he observed in the juvenile’s pocket an envelope of a type only used in narcotics transactions. The facts herein are identical to those in P.L.R., with the additional fact that appellee was observed accepting money from another person and then placing the manila envelope in his pocket.
Reversed.