465 So.2d 1366 (1985)
STATE of Florida, Petitioner,
v.
Stanley W. ENGLEHARDT, Respondent.
No. 84-2056.
District Court of Appeal of Florida, Fourth District.
March 27, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for petitioner.
Stanley W. Englehardt, respondent in pro. per.
DOWNEY, Judge.
The State of Florida seeks issuance of a writ of certiorari to review an order of the circuit court acting in its appellate capacity. We grant the writ, quash the circuit court order, and reinstate the judgment of the county court.
Stanley W. Englehardt, the respondent, was arrested outside of the jurisdiction of the City of Royal Palm Beach by a Royal *1367 Palm Beach police officer and charged with (1) leaving the scene of an accident with property damage, and (2) driving while under the influence of alcoholic beverage. Upon denial of a motion to suppress evidence, Englehardt pleaded nolo contendere to the DWI charge and was adjudicated guilty. The thrust of respondent's motion to suppress was that the arrest was unlawful because the officer was out of his jurisdiction and thus had no authority to arrest for a misdemeanor not committed in his presence unless in fresh pursuit. The county court differed with respondent and found there was fresh pursuit. On appeal to the circuit court the judgment was reversed upon a holding that the arresting officer (a) was not in fresh pursuit, and (b) did not have the authority to arrest respondent even though he personally observed what he believed to be a misdemeanor, driving while impaired.
The facts of this case are as follows. At about 10:45 p.m. on July 16, 1982, a resident of Royal Palm Beach called the Royal Palm Beach Police Department to report that he had heard a vehicle striking a tree and trying to leave the area. Officers Calhoun and Dana of the Department responded. Upon arrival at the scene, they found that a very large Australian pine tree had been struck, and quite a bit of bark had been skinned off the tree. There were some pieces of an automobile lying on the ground. The officers attempted to find the vehicle and found that the vehicle had entered behind two houses and had gone down a backyard before striking the tree. It then "backed up, and drove out through the side yard and across the front yard, and there was a trail of transmission fluid down the street... ." The officers sought to follow the trail of transmission fluid. About twenty-five minutes later, the dispatcher of the Palm Beach Sheriff's Office advised that a car had apparently had an accident at D Road and State Road 80. Since the officers were heading in the direction of that location, they assumed it was probably the vehicle that they were following. The officers then left the boundaries of Royal Palm Beach and went to the location at D Road and State Road 80, which was about half a mile in from the point at which they received the message from the sheriff's office. There, the officers found a damaged vehicle with respondent sitting behind the wheel. Pieces of bark from the Australian Pine tree that had been struck were in the grill of the vehicle, and there was a large indentation in the center of the grill showing where the vehicle had met the tree. Respondent was trying to start the engine, but it would not start.
Calhoun attempted to give respondent a roadside sobriety test "and he had a great deal of difficulty standing up, and obviously he couldn't." Calhoun arrested respondent for (a) leaving the scene of an accident with property damage, and (b) DWI.
The statutory authority for arresting a person outside an officer's jurisdiction while the officer is in fresh pursuit is section 901.25, Florida Statutes (1981). In pertinent part, it provides that an officer can make an arrest for a misdemeanor outside of his jurisdiction when he is in fresh pursuit. Therefore, if the arresting officer could have arrested respondent if he apprehended him within the confines of Royal Palm Beach, he had authority to arrest him if he was in fresh pursuit. We hold he could have arrested him within Royal Palm Beach under these facts because respondent was guilty of a continuing offense, leaving the scene of an accident. The officers were told of the incident; appeared on the scene; observed the damage to the tree, and the damaged car parts, the tracks from the car, and the transmission fluid; and were in the process of tracking respondent when advised of the accident outside the town limits. Furthermore, we hold the officers were in fresh pursuit when they arrived at the scene of the arrest, where their observations confirmed respondent was the culprit they sought for the offense of leaving the scene of an accident.

*1368 An offense is committed in the presence or view of an officer, within the meaning of the rule authorizing an arrest without a warrant, when the officer receives knowledge of the commission of an offense in his presence through any of his senses, or by inferences properly to be drawn from the testimony of the senses, or when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case.
6A C.J.S., Arrest § 18 (footnotes omitted).
People v. Foster, 10 N.Y.2d 99, 176 N.E.2d 397, 217 N.Y.S.2d 596 (1961), involved an appeal from a conviction of a misdemeanor, an assault on a police officer while he was in the course of arresting the defendant. The defendant attacked the conviction on the ground that her resistance to the arrest was proper because that arrest was unlawful since it was made for a misdemeanor committed outside the presence of the officer. The court held that, although the defendant's attack on a third person had occurred before the arresting officer came on the scene, "the affray was still in progress when the police came." Thus, it appears that the requirement that a misdemeanor be committed in the officer's presence is satisfied when the visible signs of a continuing offense are right in front of the officer's eyes.
In Charnes v. Arnold, 198 Colo. 362, 600 P.2d 64 (1979), a municipal police officer responded to a hit and run accident in his city. He received a description of the driver who had fled with the vehicle and of the vehicle's license plate. Immediate investigation revealed that the vehicle was registered to Jack Arnold, whose residence was in another Colorado city. About fifteen minutes after his arrival at the accident scene, the officer arrived at the Arnold residence, saw Arnold drive in, and arrested him. Arnold refused to take a chemical sobriety test, and his license was revoked. When Arnold appealed to an intermediate court, the order of license revocation was reversed on the ground that the arrest was unlawful. On further review, the Supreme Court of Colorado held that the arrest was lawful because it was made in fresh pursuit and directed the order of revocation be reinstated.
The foregoing authorities indicate that the arrest here for the offense of leaving the scene of an accident was for a continuing offense, i.e., "a continuous unlawful act or a series of acts set in motion by a single impluse and operated an unintermitent force, however long a time it may occupy." 21 Am.Jur.2d, Criminal Law § 353. That arrest was therefore lawful, and so the circuit court's decision to the contrary was a departure from the essential requirements of law.
We also hold that, under the rule set forth at 14 Fla.Jur.2d, Criminal Law § 392, the officers had authority to arrest the respondent for committing breach of the peace in their presence, viz., DWI. The observation of drunken driving is the observation of a breach of the peace for which a private person may make an arrest. Edwards v. State, 462 So.2d 581 (Fla. 4th DCA 1985); 5 Am.Jur.2d, Arrest § 41.
In view of the foregoing, the order of the circuit court is quashed, and the judgment of the county court is reinstated.
HURLEY and DELL, JJ., concur.