493 So.2d 1098 (1986)
Raymond BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0163.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
*1099 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Appellant, Raymond Berry, appeals an order denying his motion to suppress and imposing court costs against him. After reviewing the record, we reverse.
On September 28, 1985, at 6:00 P.M., Officer Bryant, while on routine patrol, observed a couple purchase food at the Church's Chicken Restaurant in Ft. Lauderdale. After their purchase, the couple entered their car and circled around the restaurant's parking lot. At that time, Officer Bryant also observed appellant and another man crouched down behind the rear of the restaurant. The two men ran up to the couple's car. The couple appeared to be startled and then drove off. Officer Bryant then saw appellant put his hand into his pocket, and walk around to the rear of the restaurant. The other man with appellant walked into the restaurant.
*1100 Based on these observations and his experience, Officer Bryant believed that the two men had attempted to sell the couple some type of narcotics. Officer Bryant pursued the man who entered the restaurant, and radioed for assistance to detain appellant.
Over the radio, he requested that a black man, whom he had seen crouched behind a building, be stopped. He described the man, but did not specify why he was to be stopped. Officer Temple saw appellant walking down the street. Based on the radioed information only, Officer Temple stopped appellant, and immediately conducted a weapons pat-down.
Officer Temple felt a lump in appellant's pocket, but did not think it was a weapon. He advised Officer Bryant over the radio that he had stopped appellant, and Officer Bryant told him to place appellant under arrest. Officer Temple assumed the arrest was for loitering or prowling. After the arrest, Officer Temple found eleven bags of cocaine on appellant.
Appellant asserted that the trial court erred in denying his motion to suppress because neither Officer Bryant nor Officer Temple had a reasonable founded suspicion to justify stopping and temporarily detaining him. Although we agree with appellant that the trial court erred in denying his motion to suppress, we base our decision on grounds other than that asserted by appellant.
Officer Bryant had a reasonable founded suspicion to stop and temporarily detain appellant based on his observations and experience. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Therefore, when Officer Temple received the radioed information to stop appellant, he had sufficient grounds to do so. See Franklin v. State, 374 So.2d 1151 (Fla.3d DCA 1979).
However, neither Officer Bryant nor Officer Temple had probable cause to arrest appellant. Officer Temple had no independent probable cause to arrest appellant; he merely observed appellant walking down the street. Officer Temple was acting under the advice of Officer Bryant when he arrested appellant. Although Officer Temple could have made a warrantless arrest based on Officer Bryant's communication, the validity of the arrest was dependent upon Officer Bryant initially having the requisite probable cause. See Hansen v. State, 385 So.2d 1081 (Fla. 4th DCA 1980). Officer Bryant did not have sufficient facts before him to constitute probable cause to arrest appellant. Therefore, the arrest of appellant was invalid, and the subsequent search violated the appellant's fourth amendment rights.
Accordingly, the motion to suppress should have been granted. In light of our findings, we need not reach appellant's second contention. We reverse and remand for further proceedings consistent with this opinion.
LETTS and STONE, JJ., concur.