## STATE OF FLORIDA v RUSSELL

Case Nos. 87-35791TT A04; 87-39797TT A04; and 87-40058TT A04

County Court, Palm Beach County

May 19, 1987

### APPEARANCES OF COUNSEL

**Jacqui Charbonneau,** Assistant State Attorney, for plaintiff.

**David J. Glantz, Essen & Essen, P.A.,** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court on April 30, 1987 on Defendant's Motion to Suppress. The Court heard sworn testimony and has considered the arguments of counsel. Based on the evidence presented, the Court makes the following findings of fact.

On February 13, 1987, Sergeant Muth of the Boca Raton Police Department responded to a BOLO dispatching police officer Michael Schelb to Northwest 11th Avenue and Camino Real to investigate a vehicle parked in the middle of the road. Sergeant Muth was the first officer to arrive at the scene. There he observed Defendant's stationary car straddling two westbound lanes. There was no traffic control device in the immediate vicinity. Sergeant Muth observed Defendant behind the wheel of the car with his head back. He appeared to be asleep. The motor was running and the transmission was in drive. Defendant's foot was on the brake. Trying to arouse Defendant, Sergeant Muth knocked on the window without success. He tried the door, but it was locked. By shouting loud enough to be heard through the open sunroof, Sergeant Muth aroused Defendant. Once Defendant got out of the car, Sergeant Muth smelled the odor of an alcoholic beverage about Defendant's person. He noted that Defendant had bloodshot eyes and that he used the car to maintain his balance. Defendant admitted to having one or two glasses of wine at a local dinner theater.

Shortly thereafter, Officer Schelb arrived at the scene. Sergeant Muth briefed Officer Schelb on his observations. Officer Schelb also observed Defendant's bloodshot eyes, his flushed face and the odor of an alcoholic beverage on his breath. At Officer Schelb's request, Defendant performed three roadside sobriety tests. Defendant's performance on these tests supported the officer's belief that alcohol had impaired Defendant's normal faculties. At Sergeant Muth's instruction, Officer Schelb placed Defendant under arrest, handcuffed him, and transported him to the police station. The officer completed all arrest related paperwork. Sergeant Muth did not place Defendant under arrest because of a departmental policy which precludes a supervisor from making a DUI arrest which would interfere with supervisory duties. Other than acting as Officer Schelb's supervisor, Sergeant Muth was engaged in no activity which would otherwise have precluded him from effecting the arrest.

Defendant argues that his arrest by Officer Schelb is contrary to Section 901.15(5), Florida Statutes (1985), in that he committed no violation of Chapter 316 in the officer's presence. Unlike an arrest for a felony, a warrantless arrest for a Chapter 316 offense is proper only if the violation of was committed "in the presence of the officer." § 901.15(5), Fla. Stat. (1985). Under the balancing approach adopted for Fourth Amendment analysis, this limitation on the power to make a warrantless arrest is consistent with the lessened governmental interest in effecting arrests for misdemeanors or infractions. *See, Welch v. Wisconsin*, 466 U.S. 740, 750, 104 S.Ct. 2091, 2098, 80 L.Ed. 2d 732

(1984). The requirement that a police officer actually witness a traffic offense operates as a systemic check that avoids unfounded arrests for minor offenses.

A police officer may properly rely upon information supplied by another officer or department in effecting a felony arrest, *e.g.*, *Barry v. State*, 493 So.2d 1098, 1100 (Fla. 4th DCA 1986), or an investigatory stop. *United States v. Hensley*, 105 S.Ct. 675 (1985). The issue in this case is whether such "transferred knowledge" is contrary to Section 901.15(5). In *McClendon v. State*, 440 So.2d 52 (Fla. 1st DCA 1983), a police officer observed the defendant run a red light. Because he was in the process of issuing a citation to another motorist, the officer radioed to another officer who made the traffic stop and issued the citation. Rejecting the defendant's argument that the stop by the second officer was contrary to Section 901.15(5), the First District held that the second officer was authorized to make the arrest under Section 901.18, Florida Statutes (1983) which provides:

> A peace officer making a lawful arrest may command the aid of persons he deems necessary to make the arrest. A person commanded to aid shall render assistance as directed by the officer. A person commanded to aid a peace officer shall have the same authority to arrest as that peace officer. . .

In the case at bar, there was no practical reason why Sergeant Muth could not have made the arrest himself. However, this distinction from *McClendon* is insignificant. Sergeant Muth's observations would have justified his arresting Defendant for DUI. Since he was a trained police officer, the information he transmitted to Officer Schelb carried a degree of reliability upon which the officer could properly rely. Given these circumstances, the danger of a baseless arrest was significantly lessened. Under the facts of this case, Officer Schelb's arrest of Defendant and completion of related paperwork involved largely ministerial matters.*

It is therefore,

ORDERED AND ADJUDGED that Defendant's Motion to Suppress is denied.

DONE AND ORDERED in West Palm Beach, Florida this 19th day of May, 1987.

---

* Sergeant Muth's observations at the scene distinguish this case from *Noffsinger v. State*, 16 Fla. Supp.2d 119 (Orange County Ct. 1986) cited by Defendant. In that case, an officer arrested a defendant apparently based on information supplied by fire department employees.