# STATE OF FLORIDA v CURTISS

Case Nos. 59926 IA and 59472 IA

County Court, Dade County

June 22, 1987

## APPEARANCES OF COUNSEL

**Philip Reizenstein,** Assistant State Attorney, for plaintiff.
**David Glantz, Essen & Essen, P.A.,** for defendant.

## OPINION OF THE COURT

FRED MORENO, County Judge.

This cause came upon a hearing on the defendant's motion to suppress all evidence resulting from the defendant's arrest for driving under the influence. The testimony of Officer Locke revealed that he made a routine stop of the defendant after he observed the driver not staying within a single lane. Officer Locke further observed defendant

Curtiss unsteady on his feet, the smell of alcohol on his breath giving him "an idea he might be impaired." Officer Locke requested the D.U.I. Task Force to respond and Officer Malczyk responded. Officer Locke does not remember what he told Officer Malczyk. Mr. Curtiss was arrested by Officer Malczyk, who did not observe the defendant driving but did see him impaired. Officer Malczyk does not remember what Officer Locke said but assumed, as a member of the D.U.I. Task Force, that Officer Locke "thought the Defendant was possibly a D.U.I."

The defendant was charged with violating F.S. § 316.193 by an officer who saw him impaired but not driving. Florida law allows an officer to make a warrantless arrest for a violation of Chapter 316 when the violation has been committed in the presence of the officer and when the arrest is made immediately or in fresh pursuit. *See* F.S. § 901.15(5). However, see Florida Statute § 901.18 which provides that:

"A peace officer making a lawful arrest may command the aid of persons he deems necessary to make the arrest. . . A person commanded to aid a peace officer shall have the same authority to arrest as that peace officer. . ."

The Court is familiar with the June 8, 1987 Eleventh Circuit Court opinion, *State v. Perry Leichliter*, 23 Fla. Supp. 2d —, citing *Kirby v. State*, 271 So.2d 619, which reversed a County Court's order suppressing and dismissing a case in which a back-up rather than the apprehending officer made the formal driving under the influence charges. However, in the instant the arresting officer was not just a back-up officer but indeed the officer called to make a determination as to the defendant's condition before an arrest is made. Yet he failed to observe a key element of the offense, the actual physical control of the automobile by the defendant. The arresting officer through his own testimony assumed certain facts and acted upon such assumptions. The law is clear that an arrest without a warrant for a misdemeanor to be lawful can only be made where the offense was committed in the presence of the officer in such manner as to be actually detected by the officer by the use of one of his senses. *Malone v. Howell*, 192 So.2d 224 (Fla. 1939); *T.L.M. v. State*, 371 So.2d 688 (1st DCA 1979). The legislature has seen fit to differentiate between the arrest of persons for misdemeanors and felonies, with felony arrests permitted on probable cause only due the serious nature of the offense. *Campbell v. Dade*, 113 So.2d 708 (3d DCA).

The state relies on *Salas v. State*, 246 So.2d 621 (3d DCA 1971), *McClendon v. State*, 440 So.2d 52 (1st DCA 1983), and *State v.*

*Englehardt*, 465 So.2d 1366 (4th DCA 1985). However, the *Salas* case involved probable cause required for the arrest of a felonies. It is clear that there is no requirement that the arresting officer have sufficient first hand knowledge to constitute probable cause. *McClendon* is likewise distinguished. *Englehardt* involved an accident thereby not applicable to the facts of this case.

On the other hand, the defendant cites in support of his motion *Noffsinger v. State*, 16 Fla. Supp.2d 119 (9th Cir. 1986) where the court reversed the County Court's denial of a motion to suppress and dismiss because no elements of the offense of D.U.I. were committed in the arresting officer's presence.

WHEREFORE after hearing the testimony of the officers and making the necessary credibility findings, the Court is compelled to grant the motion to suppress and dismiss the case on the grounds stated.

DONE and ORDERED this 22nd day of June, 1987.