## STATE OF FLORIDA v BARNUM

## Case No. 85-392-AC (County Court Case No. 77498MS)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 26, 1987

### APPEARANCES OF COUNSEL

**Steven T. Scott,** Assistant Attorney General, for appellant.

**Michael A. Cohen, Essen** and **Essen, P.A.,** for appellee.

Before RIVKIND, HENDERSON, BARAD, JJ.

## OPINION OF THE COURT

PER CURIAM.

The thrust of this appeal is whether a police officer, called to a scene where a fellow police officer had detained a person on misdemeanor traffic violations, could legally arrest the detainee for those traffic violations committed in the presence of the summoning officer but not in the presence of the summoned officer, no emergency existing.

Metro-Dade County Police Officer Gonzalez on routine patrol observed the defendant committing traffic violations and stopped him. His tour of duty ended at 11:00 P.M., and inasmuch as it was almost 11:00 P.M., he radioed for assistance by another police officer to handle this arrest. Although Officer Gonzalez testified he did not place the defendant "under arrest", he required him to sit in the driver's car and to remain at the scene until another police officer arrived.

Metro-Dade County Police Officer Ben Anjima responded to the radio call by Officer Gonzalez, and arrived at the scene where he saw the defendant sitting in his car, as ordered by Officer Gonzalez. Thereafter, Officer Gonzalez gave Officer Anjima the information leading him to detain the defendant, and Officer Anjima arrested the defendant on the traffic charges observed and described by Officer Gonzalez.

The defendant moved to suppress any evidence obtained under the "alleged" arrest by Officer Anjima, and the trial court granted the motion to suppress "everything that took place after the alleged arrest by Officer Anjima". The State brings this appeal from the order granting the motion to suppress.

This Court finds that F.S. 901.18, supported by the appellate court cases cited thereunder, authorize a back-up police officer, who is summoned to assist another police officer making an arrest, to make any arrest that the original police officer on the scene could have made. If the original police officer on the scene could have made a lawful arrest for a misdemeanor committed in his presence, then another police officer summoned to the scene to assist him could make any arrest the original police officer could have made, even though the misdemeanors were not committed in the presence of the back-up officer.

**160**

F.S. § 901.18 provides:

"A peace officer making a lawful arrest may command the aid of persons he deems necessary to make the arrest. A person commanded to aid shall render assistance as directed by the officer. A person commanded to aid a peace officer shall have the same authority to arrest as that peace officer and shall not be civilly liable for any reasonable conduct in rendering assistance to that officer." See *Kirby v. State*, 217 So.2d 619, *McClendon v. State*, 440 So.2d 52.

REVERSED AND REMANDED.