# STATE OF FLORIDA v HOLLIS
## Case No. 87-220792TTA02
County Court, Palm Beach County

February 4, 1988

### APPEARANCES OF COUNSEL

**George Thomas** Certified Legal Intern, State Attorney's Office, for plaintiff.

**Barry E. Krischer** for defendant.

### OPINION OF THE COURT

HOWARD C. BERMAN, County Judge.

THIS CASE came before the Court upon defendant's Motion to Suppress evidence based upon his arrest for driving under the influence of alcohol. The State of Florida was represented by Certified Legal Intern George Thomas and the defendant was represented by Barry Krischer, Esquire. The Court having taken testimony, heard argument of counsel, and being otherwise fully advised in the premises, finds as follows:

### *FACTS*

On November 8, 1987, at approximately 2:00 a.m., Deputy Sheriff

Carhart observed the defendant commit a traffic infraction on Summit Boulevard. Deputy Carhart stopped the defendant and noticed that the defendant had a medium to strong odor of alcohol on his breath and was unable to stand. Deputy Sheriff Carhart called for a back-up unit as the defendant had a passenger in his car who was becoming unruly. The back-up unit arrived which was driven by Deputy Sheriff Myers. Deputy Sheriff Carhart issued the defendant a citation for improper change of land and then he told Deputy Sheriff Myers about the odor of alcohol on his breath and the fact that he was unable to stand.

Deputy Sheriff Myers testified that he is assigned to the DUI TASC force of the Sheriff's Office. He further testified that Deputy Sheriff Carhart asked him to take over the investigation as to the DUI because of his expertise in the area. Deputy Sheriff Myers testified that he developed his own probable cause and arrested the defendant for driving under the influence of alcohol. Deputy Sheriff Myers never saw the defendant driving and both agreed that the defendant was not free to leave.

## FINDINGS

Defendant argues that his arrest by Deputy Sheriff Myers is contrary to section 901.15(5), Florida Statutes (1985), in that he committed no violation of Chapter 316 in the officer's presence. Defendant cites *Durant v. City of Suffolk,* 358 S.E. 2d 732 (Va. App. 1987), standing for the proposition that in Virginia in a DUI case that a police officer may not arrest a misdemeanant without a warrant except when an officer has personal knowledge acquired by his personal senses that an offense was committed in his presence. The defendant did not cite any Florida cases. Unlike an arrest for a felony, a warrantless arrest for a Chapter 316 offense is proper only if the violation was committed "in the presence of the officer". Section 901.15(5), Florida Statutes (1985). Under the balancing approach adopted for Fourth Amendment analysis, this limitation and the power to make a warrantless arrest is consistent with a lessened governmental interest in effecting arrest for misdemeanors or infractions. See, *Welch v. Wisconsin,* 466 U.S. 740, 750, 104 S. Ct. 2091, 2098, 80 L.Ed. 2d 732 (1984). The requirement that a police officer actually witness a traffic offense operates as a systemic check that avoids unfounded arrest for minor offenses.

A police officer may properly rely upon information supplied by another officer or department in effecting a felony arrest, *Barry v. State,* 493 So.2d 1098, 1100 (Fla. 4th DCA 1986), or an investigatory stop. *United States v. Hensley,* 105 S. Ct. 675 (1985). The thrust of the defendant's argument is whether a police officer, called to a scene

where a fellow police officer had detained a person on traffic violations, could legally arrest the detainee for those traffic violations committed in the presence of the summoning officer but not in the presence of the summoned officer. To put it another way, the issue in this case is whether such "transferred knowledge" is contrary to Section 901.15(5).

In *McClendon v. State,* 440 So.2d 52 (Fla. 1st DCA 1983), a police officer observed the defendant running a red light. Because he was in the process of issuing the citation to another motorist, the officer radioed to another officer who made the traffic stop and issued the citation. The 1st DCA rejected the defendant's argument that the stop by the defendant's second officer was contrary to section 901.15(5) as they held that the second officer was authorized to make the arrest under Section 901.18, Florida Statutes (1985). Section 901.18 provides:

A peace officer making a lawful arrest may commit the aid of persons he deems necessary to make the arrest. A person commanded to aid shall render assistance as directed by the officer. A person commanded to aid a police officer shall have the same authority to arrest as that peace officer. . . .

This Court finds that Section 901.18 authorizes a back-up police officer that is coming to assist another police officer making an arrest, to make any arrest that the original police officer on the scene could have made. See *Kirby v. State,* 217 So.2d 619; *State v. Barnum,* 24 Fla. Supp.2d 159 (11th Judicial Circuit, Appellate Division, Dade County, 1987); *State v. Leichliter,* 23 Fla. Supp.2d 168 (11th Judicial Circuit, Appellate Division, Dade County, 1987); *State v. Russell,* 23 Fla. Supp.2d 73 (County Court, Palm Beach County, 1987). It is therefore,

ORDERED AND ADJUDGED that defendant's Motion to Suppress is denied.

DONE AND ORDERED in chambers in West Palm Beach, Palm Beach County, Florida this 4th day of February, 1988.