565 So.2d 413 (1990)
Curtis JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-481.
District Court of Appeal of Florida, Third District.
August 14, 1990.
*414 Bennett H. Brummer, Public Defender, and Louis Campbell, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
PER CURIAM.
Using binoculars, from a high-rise parking garage, a police sergeant observed a person in a brightly colored shirt, sitting in a lounge chair during mid-day, give another person an unrecognizable item in exchange for money. There was no view of what was being given for the money or where the item had been stored prior to the transaction. The person under surveillance was located at the end of an alleyway in a depressed part of downtown Miami. Suspecting a drug transaction, the police sergeant radioed two other officers who were dispatched to the scene for an investigation. The sergeant witnessed three more transactions while those officers were en route.
The suspect, Johnson, was confronted by the officers and asked for identification and whether he was selling drugs. He complied with the request for identification and denied any involvement with drugs. A pat-down search for weapons was unfruitful. One of the officers noticed a small matchbox in Johnson's shirt pocket which he retrieved and examined  without consent. It contained 0.4 grams of cocaine rocks. Johnson was arrested.
After his pretrial motion to suppress the evidence was denied, Johnson was convicted and sentenced to eight years in prison. He appeals the denial of his motion to suppress the evidence as the product of a warrantless search without probable cause.
There is no authority for a finding of probable cause on the facts as presented here. Although the arresting officer had found contraband hidden in matchboxes on prior occasions, he did not express an opinion that such containers are commonly used for that purpose. Compare Blanding v. State, 446 So.2d 1135 (Fla. 3d DCA 1984) (probable cause existed where packaging was known by officer to be commonly used for contraband drugs); Skelton v. State, 349 So.2d 193 (Fla. 3d DCA 1977) (same). We agree with the defendant that an officer's observation of someone handing an unknown object to another and taking back money, without more, does not establish probable cause for an arrest or search for the sale of narcotics. See United States v. Green, 670 F.2d 1148 (D.C. Cir.1981); Commonwealth v. Hunt, 280 Pa.Super. 205, 421 A.2d 684 (1980).
All the cases cited by the State included additional factors such as packaging distinctly common in the illegal drugs trade, State v. Jordan, 458 So.2d 830 (Fla. 3d DCA 1984); a tip from a reliable informant, State v. Maya, 529 So.2d 1282 (Fla. 3d DCA 1988); or a plain view of the contraband after the initial reasonable suspicion stop in an area known for drug transactions. Johnson v. State, 540 So.2d 932 (Fla. 4th DCA 1989).
The defendant's pretrial motion to suppress should have been granted as there was no probable cause for an arrest prior to the search which led to the discovery of the contraband. See Piediscalzo v. State, 549 So.2d 255 (Fla. 2d DCA 1989) (police officer had a well-founded suspicion to conduct an investigatory stop, but improperly reached into the defendant's shirt pocket to remove a cigarette package).
Reversed and remanded.