PER CURIAM.
The defendant, Darryl R. Johnson, appeals from a final judgment of conviction and sentence. We reverse and remand.
The defendant was charged by information with possession of marijuana with the intent to sell it within one thousand feet of school property. The defendant filed a motion to suppress the marijuana seized during his arrest. At the hearing on the motion to suppress, Officer Miles stated that while participating in a drug sweep he saw the defendant holding a bag and standing with two other people who appeared to be holding money. Miles radioed a description of the people and left his car. Everyone fled as Miles approached. Officer Fields, who was in the area, saw the defendant a few minutes after Miles’ radio dispatch. The defendant was talking to a woman when Fields approached him. While conducting a pat-down for weapons, Fields felt a large file folder size object under the defendant’s left armpit. Fields testified that he did not know what the object was when he felt it. There was no evidence that Fields saw any bag or other container *109 in the defendant’s hand when he saw him and stopped him. Fields removed the defendant’s jacket and a bag containing marijuana fell out. Miles arrived and identified the defendant as one of the men he had seen in the courtyard with a bag.
The trial court denied the defendant’s motion to suppress. Thereafter, the defendant entered a plea of nolo contendere, reserving his right to appeal the trial court’s denial of his motion to suppress. The state stipulated that the trial court’s ruling on the motion to suppress was dis-positive of the case. The trial court then adjudicated the defendant guilty and sentenced him to two years of probation with a special condition that he perform one hundred hours of community service. The defendant appeals.
Officer Miles had a reasonable founded suspicion to stop and temporarily detain the defendant based on his observations and experience. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Likewise, Officer Fields had sufficient grounds to stop the defendant once he received Miles’ radioed information. See Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1113 (Fla.1980). However, neither Miles nor Fields had sufficient facts before him to constitute probable cause to arrest the defendant. See Berry v. State, 493 So.2d 1098 (Fla. 4th DCA 1986); State v. Knapp, 294 So.2d 338 (Fla. 2d DCA), cert. denied, 302 So.2d 415 (Fla.1974). Therefore, as the state properly conceded at oral argument, Fields could not justify his search as a search incident to an arrest.
We find that the removal of defendant’s jacket and discovery of a package of marijuana constituted an illegal search and seizure of the defendant which went beyond the scope of a permissible pat-down search for weapons under the principles enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See Piediscalzo v. State, 549 So.2d 255 (Fla. 2d DCA 1989) (where officer admitted in his testimony that he did not think package contained weapon, he could not reach in vehicle and seize package); Berry v. State, 493 So.2d 1098 (Fla. 4th DCA 1986) (arresting officer who had reasonable suspicion to stop accused did not have probable cause for arrest upon feeling a bulge on defendant which he did not believe to be weapon, but which turned out to be cocaine). Fields could not have reasonably believed that the file folder size bulge under the defendant’s arm was a weapon. See Warren v. State, 547 So.2d 324 (Fla. 5th DCA 1989); White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984), rev. denied, 464 So.2d 556 (Fla.1985).
In addition, we find that the trial court erred in denying the defendant’s motion to suppress where the police officer did not have probable cause to arrest the defendant for possession of marijuana. See Johnson v. State, 565 So.2d 413 (Fla. 3d DCA 1990). Fields had no reason to suspect that the unknown file folder size object was drugs. In fact, Fields testified that he did not expect to find drugs on the defendant since he had fled when he had seen Officer Miles. Therefore, the subsequent removal of the defendant’s jacket and discovery of the package of marijuana were illegal and, accordingly, the defendant’s motion to suppress should have been granted. See Id. We reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.