## STATE OF FLORIDA v SHARKEY
### Case No. 84-0028AC10 (Lower Court Case No. 84-601MM10)
Seventeenth Judicial Circuit, Broward County

March 29, 1991

### APPEARANCES OF COUNSEL
**James P. McLane,** Assistant State Attorney, for appellant.
**Richard R. Kirsch, Esquire,** for appellee.

### OPINION OF THE COURT

STANTON S. KAPLAN, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of an order granting Defendant's Motion to Suppress dated April 18, 1984.

On January 11, 1984, Appellee was arrested by Officer Kessler and charged by Information with driving while under the influence. The officer cited the Appellee with three infractions; DUI, fleeing and eluding, and not wearing prescription glasses. The officer arrested the Appellee outside of his jurisdiction.

The trial court suppressed all of the officer's testimony and ruled that the arrest was illegal since the officer was outside of his jurisdic-

tion. Furthermore, the court ruled that all the conversations between the Appellee and the officer were suppressed due to the fact that the officer did not advise the Appellee of his Miranda and Implied Consent Rights. The State then timely filed a Notice of Appeal.

The Fresh Pursuit Statute, Florida Statute section 901.52(2), provides in pertinent part:

Any duly authorized state, county, or municipal arresting officer is authorized to arrest a person outside his jurisdiction when in fresh pursuit. This exception allows an officer to detain and/or arrest a fleeing suspect, who has committed an offense within his jurisdiction and has crossed jurisdictional lines. This power is presupposed by the requirement that the officer have a legally sufficient ground to detain the suspect before he leaves the jurisdiction. *State v Englehardt,* 465 So.2d 1366 (Fla. 4th DCA 1985), *State v Phoenix,* 428 SO.2d 262 (Fla. 4th DCA 1982).

In the case *sub judice,* the officer, during a deposition, stated that the Appellee had not committed an offense within the boundaries of the Hacienda Village. However, at the suppression hearing the same officer testified that the Appellee did commit an offense within his jurisdiction. The officer admitted at the hearing that he testified differently at the deposition.

The State argues that the officer was in fresh pursuit of the Appellee. They further allege that the officer observed the Appellee commit a violation of Chapter 316 within the municipality of Hacienda Village and this confers the officer with authority. *State v Potter,* 438 So.2d 1085 (Fla. 2d DCA 1983) is cited as authority for this proposition. The *Potter* case, however, is distinguishable. In that case there was no conflicting testimony as to whether the officer observed the suspect commit an offense within his jurisdiction as there is in the case at bar.

The trial judge listened to all the evidence and ruled that there was insufficient evidence to find that the officer was in fresh pursuit. The test for review of a judge's discretionary power is whether the:

". . .judicial action is arbitrary, fanciful, or unreasonable . . . discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men differ as to . . . action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Delano v Market Street Railway Company;* 124 F.2d 965, 967 (9th Cir. 1942), *Florida First Nat. Bank of Jacksonville v Dent,* 404 So.2d 1123 (Fla. 1981); *Salkay v State Farm Mut. Auto. Ins. Co.,* 398 So.2d 916 (Fla. 3d DCA 1981).

28

The lower court's ruling should be disturbed only when its decision fails to satisfy this test. Additionally, the test requires a determination of whether there is logic and justification for the result. *Canakaris v Canakaris,* 382 So.2d 1197 (Fla. 1980). This Court finds logic and justification for the trial court's order.

Accordingly, it is hereby,

ORDERED and ADJUDGED that the trial court order suppressing the officer's testimony is AFFIRMED.

DONE and ORDERED in chambers, at Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Broward County, Florida, 33301, this 29th day of March, 1991.