590 So.2d 9 (1991)
Bernard IRVIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1067.
District Court of Appeal of Florida, Third District.
November 26, 1991.
*10 Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
Bernard Irvin appeals his conviction of attempted burglary of a conveyance. We affirm.
At trial the State relied on section 810.07, Florida Statutes (1989), which provides in part, "In a trial on the charge of attempted burglary, proof of the attempt to enter such structure or conveyance at any time stealthily and without the consent of the owner or occupant thereof is prima facie evidence of attempting to enter with intent to commit an offense." Id. § 810.07(2). Defendant contends that since he broke the victim's van window in a parking lot in broad daylight, he did not act "stealthily" for purposes of the statute.[1]
While the statute does not define the term "stealthily," the definition of "stealth" in Black's Law Dictionary presents three alternatives:
[1] The quality or condition of being secret or furtive. [2] The act of stealing when the victim is unaware of the theft is stealing by stealth. [3] Any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within residence of another without permission... .
Black's Law Dictionary 1267 (5th ed. 1979).
The meaning which runs closest to the intent of the statute is definition [2]. Here, the victim had parked the van in a parking lot at Jackson Memorial Hospital and was nowhere in the vicinity when the defendant broke the van's window.[2] There was evidence on which the jury could find that the defendant had acted stealthily. See Golden v. State, 497 So.2d 914, 915 (Fla. 3d DCA 1986).[3]
Affirmed.
NOTES
[1] Defendant concedes that his conduct constituted criminal mischief.
[2] A security guard, alerted by a hospital employee who chanced to see defendant's actions from a window overlooking the parking lot, apprehended defendant immediately after he broke the window.
[3] Likewise, if alternative [3] is chosen, there was evidence that the defendant's actions were calculated to avoid discovery. The parking lot was deserted; the van was parked at the edge of the parking lot next to a wall. Defendant looked into two of the van's windows, then abruptly broke the window. At that point defendant was apprehended by the security guard.