PER CURIAM.
Defendant appeals his convictions of possession of cocaine and resisting arrest without violence. We affirm based on the following brief analysis.
The facts of this case are distinguishable from those cases which hold that a stop is unconstitutional as being unsupported by a reasonable, articulable suspicion of criminal activity simply because it occurs in an area known for drug activity. See, e.g., Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990); Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987).
The defendant here was observed by officers experienced in narcotics arrests in an area known for narcotics trafficking at 4:00 a.m. However, the additional, distinguishing fact present here which entitled the officers to be reasonably suspicious of defendant’s activities is that another individual was seen looking and pointing his index finger into defendant’s outstretched palm. The man appeared to the officers to be sifting through the contents in defendant’s hand attempting to make a selection.
Based on the totality of the circumstances in light of the officers’ experience, the officers could reasonably believe that an illegal drug sale was taking place. Hence, the stop of the defendant and seizure of the substance which was determined to be cocaine were not error.
The facts of this case thus distinguish it from Anderson v. State, 576 So.2d 319 (Fla. 2d DCA 1991), because there, unlike the instant case, the officers did not observe the defendant with an open palm into which another person pointed his finger, shifting and sorting in order to select the contraband to suit his particular need.
Finding defendant’s other points to be without merit, we affirm his convictions.