622 So.2d 149 (1993)
The STATE of Florida, Appellant,
v.
Alexis CAICEDO, Appellee.
No. 92-2273.
District Court of Appeal of Florida, Third District.
August 10, 1993.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce Rosenthal, Asst. Public Defender, for appellee.
Before FERGUSON, JORGENSON and LEVY, JJ.
*150 LEVY, Judge.
The State appeals a non-final order granting the defendant's motion to suppress evidence. Based upon our conclusion that the particular facts of this case, viewed under the totality of the circumstances, established probable cause to support the arrest and subsequent search of the defendant, we reverse.
On October 10, 1991, at 11:15 P.M., several City of Miami police officers were working in the area of Northwest 8th Avenue and 1st Street in Miami. One officer observed the defendant, Alexis Caicedo, handing money to another man, who took the money, and then opened his cupped hand toward the defendant. The defendant looked into the outstretched hand, hesitated for a few seconds, and then reached in and took a small item from the man's hand. Immediately thereafter, the defendant placed the item in his mouth. The officer recognized both men as having been previously arrested for drug activity. As the defendant started to walk away, he was stopped and placed under arrest by the officers for possession of cocaine. One of the arresting officers immediately instructed the defendant to open his mouth, from which the officer retrieved a rock of cocaine.
The defendant was charged with one count of possession and one count of purchasing cocaine. He pled not guilty, and filed a motion to suppress the cocaine, claiming there was insufficient probable cause to arrest him, and that the subsequent search of his mouth was, therefore, invalid. At the hearing on the motion to suppress, the observing officer testified that he had made over 100 arrests for the possession of rock cocaine, had spent five years making undercover narcotics buys, and had attended specialized DEA narcotics training. The officer testified that, because of the way the defendant pinched the object while picking it up, he believed it was big enough to be rock cocaine, but too small to be gum or a lifesaver. On cross-examination, the officer admitted, however, that the object could have been a piece of gum or a lifesaver if cut into tiny pieces. The officer also testified that, in his experience, it is common for drug buyers to place cocaine rocks in their mouths immediately following a purchase, as a convenient method of carrying the non-water soluble drug. At the conclusion of the hearing, the trial court granted the defendant's motion to suppress. The State now appeals.
These facts gave rise to probable cause of the commission of a crime sufficient to justify the warrantless arrest of the defendant. First, the officer saw the defendant hesitate prior to removing the object from the other man's hand. Such a hesitation is consistent with the selection process involved in a drug purchase. Borgis v. State, 590 So.2d 9 (Fla. 3d DCA 1991). Second, the officer observed the defendant place the just-acquired object immediately into his mouth, and testified that in his experience, the mouth is commonly used to carry rock cocaine. See Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990); Ricks v. State, 549 So.2d 789 (Fla. 5th DCA 1989); Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988). An observation as to a known mode of transportation of drugs is a factor properly considered in a probable cause determination. See P.L.R. v. State, 455 So.2d 363 (Fla. 1984) (fact that manila envelopes were commonly used as containers for marijuana properly considered), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985); State v. Maya, 529 So.2d 1282 (Fla. 3d DCA 1988) (Tupperware); Blanding v. State, 446 So.2d 1135 (Fla. 3d DCA 1984) (plastic bag). Third, the transaction at issue occurred late at night, on a specific street corner known for its drug activity, and both the alleged seller and the defendant were recognized by the officer as having prior drug arrests. These additional factors are also properly considered in a probable cause evaluation. Elliott v. State, 597 So.2d 916 (Fla. 4th DCA 1992); Borgis, 590 So.2d at 9. Finally, all of these factors, considered together, supported a finding of probable cause which justified the defendant's arrest. The subsequent search was incident to the arrest, and therefore valid. See State v. Mejia, 579 So.2d 766 (Fla. 3d DCA 1991).
We recognize that the mere observation of a money transaction, or an officer's *151 bare suspicion of drug activity, are insufficient to create probable cause. See Cummo v. State, 581 So.2d 967 (Fla. 2d DCA 1991); Johnson v. State, 565 So.2d 413 (Fla. 3d DCA 1990).[1] However, this case involved much more than a money transaction accompanied by an officer's suspicions. The officer observed significant additional facts concerning the hesitation and selection of the substance by the defendant, and the placing of the substance immediately into the defendant's mouth, both of which were consistent with illegal activity. See Borgis, 590 So.2d at 9 (observation of defendant looking into outstretched hand gave rise to probable cause for arrest); Steele, 561 So.2d at 642 (observation of defendant placing substance in mouth gave rise to probable cause for arrest).
Consequently, under the totality of the circumstances, sufficient probable cause did exist to arrest the defendant, and the motion to suppress should have been denied. The trial court's order granting the motion to suppress is reversed, and this case is remanded.
Reversed and remanded.
NOTES
[1] The defendant relies on Johnson and Cummo in arguing that the motion to suppress was properly granted. In Johnson, this Court specifically noted that an important factor in suppressing the contents of a matchbox was that the arresting officer did not express any opinion that matchboxes are commonly used to carry crack cocaine. Johnson v. State, 565 So.2d at 414. In the present case, the officer did express an opinion that the mouth was commonly used for carrying crack cocaine. Furthermore, Cummo lacked the additional factors present in the instant case in that no suspected drug transaction was observed, and the record was silent as to "any circumstances which would give rise to probable cause." Cummo v. State, 581 So.2d at 968.