WARNER, C.J.
We affirm the trial court’s order granting the appellee’s motion to suppress on the grounds that the Seminole Police were not in fresh pursuit of the appellee when they detained and arrested him beyond the jurisdictional boundaries of the Seminole Reservation. Because the police were investigating a burglary, which is not a continuing offense, we agree and affirm.
A resident of the Indian reservation discovered two men burglarizing his vehicle parked outside his residence located on the reservation. He called the Seminole Police Department and described the perpetrators and their vehicle. The Police Department issued a BOLO for the vehicle and its occupants. An officer of the department located the vehicle within ten minutes at a car wash outside the Indian reservation.
Defense counsel moved to suppress ap-pellee’s confession and the subsequent search and seizure on the ground that the Seminole Police were beyond their jurisdiction when they detained and arrested appellee. The trial court agreed, holding that the officer was not in “fresh pursuit” and was thus impermissibly outside of his jurisdiction when he detained appellee.
In Huebner v. State, 731 So.2d 40, 44 (Fla. 4th DCA 1999), we stated:
Generally, an officer of a county or municipality has no official power to arrest an offender outside the boundaries of the officer’s county or municipality. See State v. Shipman, 370 So.2d 1195, 1196 (Fla. 4th DCA), cert. denied, 381 So.2d 769 (Fla.1980). However, “[t]he fresh pursuit exception allows officers who attempt to detain or arrest within their territorial jurisdiction, to continue to pursue a fleeing suspect even though the suspect crosses jurisdictional lines. The power to arrest after fresh pursuit presupposes that the officer had legally sufficient grounds to detain or arrest before they left their jurisdiction.” State v. Phoenix, 428 So.2d 262, 265(Fla. 4th DCA 1982), decision approved and remanded, 455 So.2d 1024 (Fla.1984).
Under section 901.25(1), Florida Statutes (1997), which addresses both fresh pursuit and arrests outside of an officer’s jurisdiction, the term “fresh pursuit” is defined, in part, as:
pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony. It shall also include the pursuit of a person suspected of having committed a supposed felony, though no felony has actually been committed, if there is reasonable ground for believing that a felony has been committed.
The statute provides that any duly authorized state, county, or municipal arresting officer is authorized to arrest a person outside the officer’s jurisdiction when in fresh pursuit. See § 901.25(2). The officer has the same authority to arrest and hold a person in custody outside his or her jurisdiction, subject to certain limitations. See id.
In the instant case, the burglary had been committed, the perpetrators had departed, and the crime had been reported to the authorities. A BOLO was issued for the vehicle. That vehicle was not spotted within the jurisdiction but was first located outside the Indian reservation. Therefore, there was no pursuit from within the jurisdiction into the new jurisdiction. The doctrine of fresh pursuit does not apply.
We distinguish State v. Englehardt, 465 So.2d 1366, 1368 (Fla. 4th DCA 1985), in which this court held that an arrest outside the jurisdiction for leaving the scene of an accident was made in “fresh pursuit” because the offense was a continuing one. To the contrary, the offense of burglary is not a continuing offense and *345 was complete when the perpetrators left the premises of the victim.
Affirmed.
DELL, J., concurs.
STONE, J., concurs specially.