837 So.2d 1173 (2003)
S.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4831.
District Court of Appeal of Florida, Fourth District.
February 26, 2003.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
A juvenile appeals the trial court's adjudication of delinquency based upon a finding that he burglarized a school cafeteria. He contends the evidence was insufficient to prove he had the intent to commit an offense when he entered the school grounds. We affirm the trial court's ruling, concluding the evidence was sufficient when bolstered by the statutory presumption that proof of a stealthy entry of a building without consent is prima facie evidence of entering with the intent to commit an offense.
On Sunday, July 22, 2001, a security alarm was triggered at the North Andrews Gardens Elementary School. When Deputy Jordan of the Broward County Sheriff's office responded, he noticed some "subjects" jumping over a fence surrounding the school property into the backyard of a house bordering the school. He proceeded to the home and made contact with an occupant. The woman told the deputy that her husband had sent their children to the school to pick up garbage around one of the portables on the school grounds.
The deputy returned to the school, joined by a back-up deputy, and entered the school cafeteria which was in "shambles." Deputy Jordan returned to the home where he was advised by the woman that her children had told her that they had entered the cafeteria and done some "stuff" inside. Jordan also spoke with S.D. and the other children with the woman present. He learned that the children had entered the cafeteria and caused the damage. Jordan later testified that S.D. admitted he was involved along with the other children.
S.D. provided a taped statement to another detective the same day he was arrested. In the statement he states that he reluctantly went with his friend to see what the younger children were doing at the school. He jumped over the fence, and *1174 he and his friend found the cafeteria door open. S.D. did not indicate he participated in damaging the cafeteria.
The school principal testified that she had not given the children permission to be on the school grounds on that Sunday. After her testimony, the state rested, and defense counsel moved for a judgment of acquittal, claiming the state had failed to make a prima facie case of burglary. The trial court denied the motion, defense counsel rested without calling any witnesses, and again moved for judgment of acquittal, which also was denied. The trial court found S.D. guilty of burglary and adjudicated him a delinquent. This appeal followed.
Section 810.02(1)(b)1, Florida Statutes (2001), requires a showing that a person entered "a dwelling, a structure, or a conveyance with the intent to commit an offense therein" in order to convict that person of burglary for an act committed after July 1, 2001. S.D. argues on appeal the evidence presented was insufficient to show he had the intent to commit an offense when entering the property. The state's case, however, is aided by the statutory presumption contained in section 810.07(1) which treats "proof of the entering of [a] structure ... at any time stealthily and without consent of the owner or occupant [as] prima facie evidence of entering with intent to commit an offense." The state proved that S.D. jumped the school fence on a Sunday, when the school was closed, without permission from the school staff, and ran away, again jumping over the fence, when an alarm was triggered. This is sufficient to constitute a stealthy entry. See Irvin v. State, 590 So.2d 9, 10 (Fla. 3d DCA 1991) (defining stealthy entry as "[a]ny secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain ... without permission...."); M.S. v. State, 774 So.2d 777, 778 (Fla. 3d DCA 2000) (holding testimony that juvenile was seen running from vandalized, vacant condominium late at night demonstrated that juvenile's entry was stealthy). Choosing a day when it was certain no one would be at the school and then running from the scene after the alarm was triggered demonstrates that S.D. was acting to avoid discovery and thus stealthily.
Furthermore, Deputy Jordan testified that S.D. admitted his involvement in messing up the cafeteria. Although S.D. challenges Jordan's testimony, the trial court determines issues of credibility and believability. See Demps v. State, 462 So.2d 1074, 1075 (Fla.1984). In moving for judgment of acquittal, "a defendant admits all facts introduced into evidence and the court must draw every inference favorable to the prosecution." Corpuz v. State, 733 So.2d 1048, 1049 (Fla. 4th DCA 1999) (quoting Pressley v. State, 395 So.2d 1175, 1177 (Fla. 3d DCA 1981)). As such, competent, substantial evidence existed to support S.D.'s adjudication of delinquency.
Affirmed.
POLEN, C.J., and GUNTHER, J., concur.