**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Sylvester WADDELL, Defendant-Appellant.**

**No. 74–2041.**

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1975.

John P. Searls, Larry Victorson, El Paso, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and GODBOLD, Circuit Judges.

GOLDBERG, Circuit Judge:

On March 22, 1974, defendant-appellant Waddell was convicted by a jury of possession of a quantity of cocaine with intent to distribute that narcotic in violation of 21 U.S.C. § 841(a)(1). Although defendant was originally sentenced to serve a ten-year prison term with five years special parole, the trial judge subsequently reduced his sentence to five years imprisonment and five years special parole. The circumstances of Waddell's apprehension and trial are very similar to those of United States v. Gomez-Rojas, 5 Cir. 1975, 507 F.2d 1213 [Feb. 10, 1975, No. 74–1914], also decided today. Here, as in Gomez-Rojas, the district court erred in its treatment of a defendant's entrapment defense. We reverse.

On July 3, 1973, George Smith, an alleged Government informer, arranged a meeting in El Paso, Texas, between defendant and federal undercover agent Staton. At that meeting, Waddell tentatively agreed to sell Staton an ounce of cocaine for $1,000 or $1,100. The three men met again on the following day, and Waddell sold Staton 14 grams of cocaine which he had obtained from one Marial, a Mexican national. For the next several months, Smith and Staton urged Waddell to make additional sales of contraband, but defendant refused to do so. He was finally arrested on November 13, 1973, the day after the arrests in Gomez-Rojas.

Defendant Waddell, like defendant Sutherlin in Gomez-Rojas, admits participating in the narcotics transaction for which he was charged. He contends, however, that he was entrapped into making the sale by Smith, whom he claims is a paid Government informer. Waddell does not contend, as Sutherlin did, that Smith supplied the cocaine, so that there is no question of the Government selling contraband to itself. See United States v. Bueno, 5 Cir. 1971, 447 F.2d 903. Waddell alleges instead that Smith, a long-time acquaintance, had pressured him for some months to sell various sorts of contraband, but that he, Waddell, had always refused. Finally, in June of 1973, Smith told defendant that he needed to obtain some cocaine in order to pay pressing gambling debts. Waddell argues that only then did he capitulate, contact his friend Marial, and make the sale to Smith and Staton. In a word, Waddell claims that he had no predisposition to commit the crime with which he is charged, but rather that Smith induced him to break the law.

I

Here, as in the case of Sutherlin in Gomez-Rojas, Smith was subpoenaed to testify as a witness for a defendant alleging entrapment. On March 20, 1974, the day before Waddell's trial was

to begin, Smith appeared before the trial judge, who had recently completed the *Gomez-Rojas* trial, and once again advised the court that, if called as a witness, he would refuse to testify for fear of self-incrimination. Once again, the district court immediately excused Smith, despite Waddell's protest.

■ We have discussed the consequences of the district court's decision to excuse Smith from giving testimony in *Gomez-Rojas*; the discussion there is controlling here. For reasons set out below, we have concluded that Waddell is entitled to a new trial. At a second trial, if Smith continues to refuse to testify, the trial court must make a searching inquiry into the validity and extent of Smith's Fifth Amendment claims and then determine what use, if any, Waddell may make of Smith's reluctance to testify at the new trial.

## II

Waddell also complains that the district court improperly instructed the jury on the legal basis of his entrapment defense, in that the court failed to advise the jury that entrapment can be perpetrated by paid Government informers as well as by law enforcement officials. The trial judge charged the jury that:

> In this case, the fact that someone may have informed the agent that this man [Waddell] was available to make a sale—the Government can accept that. The only thing the Government cannot do as far as entrapment is concerned is to originally put this in his mind.
>
> . . . If somebody urges you to break the law and finally, to get them off your back you go ahead and break the law you would be legally responsible, but if the Government directs somebody to keep harassing him and harassing him, a man that had never engaged in this activity and didn't have an inclination that way, then that would be an excuse, but the mere fact that an informer notifies the Government and the Government provides the opportunity, that is not entrapment, if the Government wasn't the one that instigated the harassment, *or if this man Smith harassed him and if the Government did not tell Smith to harass this man, then you wouldn't . have entrapment either.*
>
> . . .
>
> If you believe [that Smith acted as Waddell alleges he did], then you decide *whether the Government was the one that instigated George Smith to harass him* over a period of a year's time or a little over a year's time. . . . [emphasis added].

■ Although we must evaluate a jury charge as a whole, without paying particular attention to an isolated statement which is not prejudicial in the context of the total charge, United States v. Cisneros, 5 Cir. 1974, 491 F.2d 1068, it is clear that insofar as this instruction charges that only law enforcement officials can entrap citizens, the instruction is erroneous. The law is that Smith, if he was a paid Government informer, could entrap Waddell, even though no Government officer knew of Smith's actions, because the Government is deemed to have constructive knowledge of such chicanery; the defense of entrapment cannot be defeated because the trapping was perpetrated by a Government surrogate. Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; United States v. Oquendo, 5 Cir. 1974, 490 F.2d 161; United States v. Bueno, *supra; see* United States v. Gomez-Rojas; *supra.* Since this error strikes at the heart of Waddell's only defense, and since it was not cured elsewhere in the charge, defendant's conviction must be reversed and his cause remanded for a new trial.[1]

Reversed and remanded.

---

1. Our disposition of this case is such that we pretermit discussion of Waddell's other claims of error.