**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Tommy MINICHIELLO,**
**Defendant-Appellant.**

**No. 74–2603**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 31, 1975.
Rehearing Denied April 23, 1975.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

William M. Moran, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Michel P. Sullivan, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

The defendant-appellant, Tommy Minichiello, seeks reversal of his convictions on five counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). He alleges that the court erred in its instruction on entrapment, and that his motion for a new trial should have been granted. A review of these contentions reveals them to be without merit. We affirm.

Minichiello was convicted on five counts of distribution of cocaine. The acts took place in December 1973 and January 1974. At the trial the defendant admitted the sales of cocaine to undercover Drug Enforcement Administration (DEA) Agent Weed, but asserted the defense of entrapment. He alleged that the informant, Gould, supplied him with the cocaine he sold to Weed. If true, this would constitute the *Bueno-Oquendo* variant of the entrapment defense. *See* United States v. Bueno, 5 Cir. 1971, 447 F.2d 903; United States v. Oquendo, 5 Cir. 1974, 490 F.2d 161. Gould denied that he furnished the contraband. He stated after he was arrested for cocaine distribution, he cooperated with the DEA agents, and introduced them to the defendant. Gould testified that Minichiello's source was one Armando Mirabal. DEA agents corroborated this testimony.

In this appeal the appellant's counsel alleges that the court's instruction on entrapment was plainly erroneous, under Rule 52b; trial counsel had not objected to the instruction. Minichiello moved for a new trial, alleging that the informant, Gould, had perjured himself when he answered that he was not a paid infor-

mant. At the hearing on the motion the government produced testimony to explain vouchers made out to Gould. The DEA agents testified that Gould was reimbursed for his expenses, but was not classified as a paid informant.

In the original instruction on entrapment, after the court had explained the various elements of the defense, the court said:

> If you determine from all of the evidence beyond every reasonable doubt that before anything at all occurred respecting the alleged offenses involved in this case, the defendant was ready and willing to commit crimes such as charged herein, you may still find the defendant not guilty unless you are also satisfied from the evidence, beyond every reasonable doubt, that the defendant did obtain the contraband in question from the informer, Mr. Gould.

After the jury had deliberated for a while they requested a copy of the charge on the law on entrapment. The court gave them the same charge on entrapment, but inserted the word "not" and changed "must" to "may". As changed the charge was, "you *must* still find the defendant not guilty unless you are also satisfied from the evidence beyond a reasonable doubt that the defendant did *not* obtain the contraband in question from the informer."

■■ The law on jury instructions relating to the entrapment defense was reviewed by us in United States v. Gomez-Rojas, 5 Cir. 1975, 507 F.2d 1213. The appellant here does not contest the intent or predisposition issue of entrapment, but alleges that the contraband was supplied to him by the government informant. The court's first instruction

was erroneous, but corrected later. When reviewing instructions, we must look at the charge as a whole.[1] United States v. Waddell, 5 Cir. 1975, 507 F.2d 1226.

■ The evidence of appellant's guilt was overwhelming, while the error was slight. We cannot say there was a manifest miscarriage of justice. See Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557.

■ The appellant also argues he should have been granted a new trial because the informant Gould perjured himself when he testified he was not a paid informant. A review of the testimony reveals there was some testimony as to what a paid informant and consideration were. Additionally, at the hearing on the motion for the new trial, DEA agent Brown testified that Gould received only expense money, and was cooperating with the government after his own cocaine arrest. The fact of Gould's cooperation and arrest were brought out at trial. Those agents who were aware of the payments had been excluded from the courtroom at the time the testimony was given, and the prosecutor had not been informed of the payments. In other circumstances, a similar omission on the part of the Government might cast sufficient doubt on the credibility of the informer testifying so as to require the grant of a new trial. Here, however, the jury had adequate information that Gould was trying to save his own skin. The question whether he was paid, and for what, is not so material as to require a new trial. Giglio v. United States, 1972, 405 U.S. 150, 154, 92 S.Ct. 763, 33 L.Ed.2d 104; United States v. Johnson, 5 Cir. 1974, 487 F.2d 1318.

The judgment is affirmed.

---

1. The charge did not distinguish sharply between the standard entrapment defense and the *Bueno-Oquendo* defense. It should have. Fortuitously, the jury's perceptive request for a copy of the instructions on entrapment enabled the court to correct his error and enabled the jury to focus on the *Bueno-Oquendo* defense. Taking the charge as a whole, therefore, in the circumstances of this case we cannot say that the instructions were so misleading as to constituted plain error under Fed.R.Crim.P. 52(b).