468 So.2d 270 (1985)
STATE of Florida, Appellant,
v.
William C. GRAHAM, III, Appellee.
No. 84-1238.
District Court of Appeal of Florida, Second District.
March 1, 1985.
Rehearing Denied April 8, 1985.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Larry G. Bryant, Asst. Public Defender, Bartow, for appellee.
SCHOONOVER, Judge.
The appellant, State of Florida, appeals from an order dismissing an information charging the appellee, William C. Graham, III, with the offense of false imprisonment. We reverse.
The state filed an information which alleged in pertinent part that appellee did forcibly, by threat, or secretly confine, abduct, imprison, or restrain one Sharon Gray *271 against her will. The information also set forth section 787.02, Florida Statutes (1983), as the applicable statute number. The trial court granted appellee's motion to dismiss the information on the ground that false imprisonment is a specific intent crime and the information failed to allege the purpose for which the crime had been committed.
The false imprisonment statute provides in part as follows:
787.02 False imprisonment. 
(1)(a) "False imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01.
The information was dismissed because it failed to allege a specific purpose other than those referred to in section 787.01, the kidnapping statute. The kidnapping statute prohibits virtually the same behavior as the false imprisonment statute, except it sets forth four specific intents, one of which must be present to constitute a violation of the statute. The kidnapping statute is a specific intent statute because it prohibits an act when accompanied by some intent other than the intent to do the act itself or the intent to cause the natural and necessary consequences of the act. Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983).
The false imprisonment statute, on the other hand, is a general intent statute, and therefore it is not necessary to allege a specific intent or purpose in an information charging a violation of that statute. The statute is designed to protect freedom from restraint of movement, and one who unlawfully obstructs, or deprives another of, this freedom is liable for that interference no matter what his motives or purposes are. See Broughton v. State, 37 N.Y.2d 451, 335 N.E.2d 310, 373 N.Y.S.2d 87, cert. denied, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975). The last line of the false imprisonment statute merely states that it encompasses all unlawful restraints effected without the specific intents enumerated in section 787.01. Contra Rauso v. State, 425 So.2d 618 (Fla. 4th DCA 1983).
The information contained all of the material elements of the false imprisonment statute and referred to the statute by number. Where an information refers to a statute and tracks its language, it is generally held sufficient. State v. DiGuillio, 413 So.2d 478 (Fla. 2d DCA 1982), petition for review denied, 419 So.2d 1196 (1982). The trial court therefore erred in dismissing the information.
We, accordingly, reverse and remand for proceedings consistent herewith.
SCHEB, A.C.J., and DANAHY, J., concur.