PER CURIAM.
Defendant appeals his convictions and sentences for sexual battery, kidnapping, and robbery. We reverse.
Defendant claims that the trial court erred in not allowing the exercise of peremptory challenges of jurors at a time when a full jury panel had been accepted but not yet sworn. We agree that a juror can be challenged up until the time he is sworn. See Fla.R.Crim.P. 3.310; Jackson v. State, 464 So.2d 1181 (Fla.1985).
The state contends that the defense motion was a request to challenge the jurors for cause, not a request to exercise the remaining peremptory challenges. However, the trial court had already stated that no juror could be challenged at that point because all jurors had already been accepted by the state and the defense. An attorney is “not required to pursue a completely useless course when the judge had announced in advance that it would be fruitless.” Bailey v. State, 224 So.2d 296, 297 (Fla.1969). See also Bell v. State, 338 So.2d 1328, 1329 (Fla. 2d DCA 1976). Here, the defense attorney was not required to attempt to exercise any remaining peremptory challenges when the trial court had already stated that no such challenges would be allowed.
Our disposition of defendant’s first issue on appeal makes the remaining issues moot.
Reversed and remanded for a new trial.
RYDER, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.