NESBITT, Judge.
Golden was convicted in a jury trial of attempted burglary of a conveyance with the intent to commit an offense therein, to wit: theft. Thereafter, he was sentenced to seven years’ incarceration. Golden appeals from his conviction. We affirm.
The burglary charge stemmed from an incident in the Omni Mall parking garage. Luis Jiminez testified at trial that he was employed as a security guard at the mall. While he was patrolling, he observed Golden using a clothes-hanger to open the door of an automobile. When the door opened he heard a car alarm sound. Another security officer approached on a golf-cart and Golden fled. He was subsequently caught by a police officer who was in the area and who had been apprised of the situation. At trial, the owner of the vehicle testified that the rubber molding around the door had been ripped, though nothing inside was missing.
Golden’s first contention is that there was insufficient evidence of his intent to commit a theft once inside the vehicle *915 and therefore the trial court erred in denying his motion for a judgment of acquittal. We disagree. The state presented evidence of attempted stealthy entry into the vehicle with the use of a hanger. The owner of the vehicle testified that she had not given her consent to Golden’s entry. Additionally, the owner testified that her purse was inside the vehicle. There was sufficient circumstantial evidence from which the jury could infer Golden’s intent to steal the purse, other items within the vehicle, or the vehicle itself. State v. Waters, 436 So.2d 66 (Fla.1983). Therefore, the trial court correctly denied Golden’s motion for a judgment of acquittal.
Golden alleges that the trial court erred in its instructions to the jury. The trial court instructed the jury on all of the elements of burglary and theft. Also, and without objection, the court gave the following instruction:
Proof of entering of a conveyance stealthily and without consent of the owner or occupant may justify a finding that the entering was with the intent to commit the crime, if from all the surrounding facts and circumstances you are convinced beyond a reasonable doubt that the intent existed.... Even though an unlawful attempt at entering or remaining in a conveyance is proved, if the evidence does not establish that it was done with the intent to commit a theft, the defendant must be found not guilty.
Golden claims that the state was not entitled to this instruction since the offense charged was attempted burglary rather than burglary. See Graham v. State, 472 So.2d 464 (Fla.1985). Trial counsel’s failure to object precludes us from reviewing any asserted error with respect to the instruction, Darden v. State, 475 So.2d 214 (Fla.1985), unless the error is of a fundamental caliber. Golden contends that it is, and therefore may be reviewed on appeal. “For an error to be so fundamental that it may be urged on appeal though not properly preserved below, the asserted error must amount to a denial of due process.” Castor v. State, 365 So.2d 701, 704 n. 7 (Fla. 1978) (citation omitted). The instruction given by the trial court required the jury to find that the surrounding facts and circumstances proved beyond a reasonable doubt that the intent to commit a theft existed prior to drawing any inferences. Therefore, even assuming that the court erred in instructing the jury that it may infer the intent to commit a theft from proof of entering stealthily without consent, Graham, 472 So.2d at 466 (it was error for the court to instruct the jury on the burglary presumption of intent statute, § 810.07, Fla.Stat. (1983), in a case of attempted burglary); cf. Waters, 436 So.2d at 70 (section 810.07 does not apply to attempted burglary), the error was corrected by placing the ultimate burden of proof with respect to Golden’s intent upon the state. Consequently, the asserted error did not rise to fundamental proportions. Cf. United States v. Darby, 744 F.2d 1508 (11th Cir.) (where jury was repeatedly reminded of government’s burden of proof, any error was not plain error), rehearing denied, 749 F.2d 733 (11th Cir.1984), cert. denied, 471 U.S. 1100, 105 S.Ct. 2322, 85 L.Ed.2d 841 (1985); U.S. v. Minichiello, 510 F.2d 576 (5th Cir.1975) (though trial court’s original instruction was error, error was subsequently corrected and did not amount to plain error); Griffin v. State, 474 So.2d 777 (Fla.1985) (where court omitted portion of instruction, error was not fundamental since instruction was otherwise clear), cert. denied, — U.S. -, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986).
Finding that the trial court correctly permitted this case to proceed to the jury, and that any asserted error in the jury instructions is not reviewable, we
Affirm.