590 So.2d 18 (1991)
Jay Junior SIGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0077.
District Court of Appeal of Florida, Fourth District.
November 27, 1991.
*19 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
This is an appeal from the judgment and sentence entered against appellant after a jury found him guilty of two (2) counts of strong arm robbery and two (2) counts of false imprisonment. We reverse the false imprisonment convictions.
Appellant was a passenger in an auto with two other men who offered to drive two women to retrieve their car, which had been towed from a lot near a Fort Lauderdale bar. As the men began to drive, the women realized that they were headed the wrong way, and asked to be let out of the auto. The driver stopped the car on a dead-end street and locked the car doors. Appellant shut his window and the driver shut the sunroof.
The men asked the women for money, and when the women responded that they had no money, appellant opened his door and pulled one of the women out of the auto. The second woman began to exit the auto and fell to the ground as the driver quickly moved the auto. The appellant struggled with both women once they were out of the auto and when one of the women's purses broke, appellant and the driver grabbed several items from the ground and left the scene.
The jury was initially instructed according to the standard jury instruction on false imprisonment, the trial court stating:
As to Count II, before you can find the defendant guilty of false imprisonment, the State must prove the following three elements beyond a reasonable doubt: One, the defendant forcibly, secretly and by threat confined, abducted, imprisoned or restrained the victim against her will; and two, the defendant had no lawful authority; and three, the defendant acted for any purpose other than to hold for ransom or reward or as a shield or hostage or commits [sic] or facilitates [sic] the commission of a felony or inflict bodily harm or to terrorize the victim or another person or to interfere with the performance of any governmental or political function.
(Emphasis added.) During deliberations, the jury returned with a request to be instructed again on the charges, and the trial court changed the false imprisonment instruction, stating:
As to false imprisonment, I am going to reads [sic] this a little differently this time. The way I read it before was a little bit confusing, because it says before you can find the defendant guilty of false imprisonment, the State must prove the following three elements beyond a reasonable doubt: One, the defendant forcibly, secretly by threat confined, abducted, imprisoned or restrained the victim against her will; and two, that the defendant acted for any purpose other than  that three basically stands for kidnaping, the other ones that I didn't  I am going to follow the language contained in the information. And three, the defendant acted for the purpose of he [sic] did secretly confine, abduct, imprison, restrain [the victims] without lawful authority and against her will with intent to secretly confine or imprison [the victims], following the language in the information.
The jury returned a verdict of guilty to all charges, and appellant was sentenced as a violent habitual offender to twenty (20) *20 years on each of the robbery charges and ten (10) years on the false imprisonment charges.
We agree with appellant that the trial court's second instruction was in error, in that the instruction denied him the defense of having restrained the victims for the purpose of committing, or facilitating the commission of, a felony: strong arm robbery. This defense was eliminated by the second instruction, which did not contain the essential language of the third element of false imprisonment: acted for any purpose other than to ... commit or facilitate the commission of a felony. This element is crucial when the evidence presented in a case may support a finding by the jury that the victim was restrained for such a purpose. Shelby v. State, 541 So.2d 1219, 1221 (Fla.2d DCA 1989). Further, such an error may be fundamental when an improper instruction has the effect of negating the defendant's only defense, as occurred here. Carter v. State, 469 So.2d 194, 196 (Fla. 2d DCA 1985). Therefore, we reverse appellant's judgment as to the false imprisonment charges, and remand for a new trial.
Upon remand, the trial court has discretion to revisit its sentencing of appellant, although we find no error in that sentencing.
REVERSED and REMANDED.
DOWNEY and ANSTEAD, JJ., concur.