SCHOONOVER, Judge.
The appellant, Christopher Gloster, challenges the judgments and sentences im *1345 posed upon him after a jury found him guilty, as charged, of two counts of robbery with a firearm, seven counts of false imprisonment, and one count of grand theft. We find that the trial court erred in instructing the jury on the false imprisonment charges and, accordingly, reverse and remand for a new trial on those charges. We find no merit in any of the appellant’s other contentions and, therefore, affirm the trial court in all other respects.
During the jury instruction conference held in connection with the appellant’s trial, the appellant requested the trial court to give the standard jury instruction on false imprisonment. Fla.Std.Jury Instr. (Crim.) at 94b (False Imprisonment) (1981). This instruction requires the court to instruct the jury that before a defendant can be found guilty of false imprisonment, the state must prove the following three elements beyond a reasonable doubt: (1) that the defendant did unlawfully, forcibly, by threat or secret confine, abduct, imprison or restrain the victim against the victim’s will; (2) the defendant had no lawful authority; and (3) the appellant acted for any purpose other than to (a) hold for ransom or reward or as a shield or hostage, (b) commit or facilitate commission of any felony, (c) inflict bodily harm upon, or to terrorize the victim or another person, (d) interfere with the performance of any governmental or political function. This instruction requires a jury to find an accused not guilty of false imprisonment if he acts for one of the purposes enumerated in the kidnapping statute, section 787.01(1), Florida Statutes (1989). The trial judge refused to give the standard instruction and fashioned his own hybrid instruction. This instruction permitted the jury to find the appellant guilty of false imprisonment even if he acted with one of the purposes enumerated in the kidnapping statute.
The appellant filed a timely notice of appeal from the judgments and sentences imposed upon him after he was found guilty as charged on all ten charges.
The appellant was charged with seven counts of false imprisonment in violation of section 787.02(l)(a), Florida Statutes (1989). This section provides: “The term ‘false imprisonment’ means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01.”
The evidence in this case indicated that the seven victims were falsely imprisoned in order to facilitate the commission of the other crimes for which the appellant was being tried, i.e. robbery and grand theft. Under the instruction given to the jury, if they found that the appellant had falsely imprisoned the victim for the purpose of facilitating the commission of the robberies or grand theft, they could find him guilty, as they did, of false imprisonment. If they had been given the standard jury instruction, and had found that the appellant had acted with the specific intent of imprisoning the victims in order to commit or facilitate the commission of a felony, they would have had to return a not guilty verdict on the false imprisonment charges. See Shelby v. State, 541 So.2d 1219 (Fla. 2d DCA 1989). The court erred by not giving the standard instruction.
If the appellant had been charged with kidnapping and been convicted of the lesser included offense of false imprisonment we would be considering a different question. In State v. Sanborn, 533 So.2d 1169 (Fla.1988), the supreme court said the crimes of kidnapping and false imprisonment are identical except for the question of intent. The court found that the general intent of section 787.02(l)(a), false imprisonment, is included in the specific intent of section 787.01(l)(a) kidnapping, and that consequently false imprisonment is a necessarily lesser included offense of the crime of kidnapping.
In Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990), our sister court, following San-born, held that in a kidnapping case, proof of the elements set forth in the kidnapping statute constitutes proof of the elements of false imprisonment. The court rejected Perez’ argument that while the evidence was sufficient to support a conviction of *1346 kidnapping, it could not support a conviction of false imprisonment.
This court in Denmark v. State, 17 F.L.W. D1575 — So.2d — (Fla. 2d DCA June 26, 1992), also a kidnapping case, held that although a defendant who was charged only with false imprisonment could not be found guilty of that charge if the state proved one of the specific intents necessary to convict a person of kidnapping, he could be found guilty of false imprisonment on the same evidence if he had been charged with kidnapping. In Denmark, we recognized that the supreme court in Sanborn held that false imprisonment is a necessarily included offense of kidnapping, and therefore, a jury instruction on false imprisonment must be given when a defendant is charged with kidnapping. By doing so the jury has the right to exercise its power to pardon the defendant. See State v. Wimberly, 498 So.2d 929 (Fla.1986).
In this case, however, the appellant was not charged with kidnapping and found guilty of the necessarily lesser included offense of false imprisonment. He was charged initially with the crime of false imprisonment. We, accordingly, are considering that charge by itself and not as a necessarily lesser included offense of kidnapping.
Prior to the supreme court’s holding in Sanborn, this court also held that false imprisonment was a general intent crime. State v. Graham, 468 So.2d 270 (Fla. 2d DCA), pet. for review denied by 475 So.2d 694 (Fla.1985). In Graham, we held the kidnapping statute prohibits virtually the same behavior as the false imprisonment statute, except that it sets forth four specific intents, one of which must be present to constitute a violation of the statute. We, accordingly, held that the kidnapping statute is a specific intent statute because it prohibits an act when accompanied by some intent other than the intent to do the act itself or the intent to cause the natural consequences of the act. The false imprisonment statute, on the other hand, is a general intent statute. Graham. Even though the statute is a general intent statute, in order to violate that statute, it is necessary to prove as an element of the crime that the defendant acted for any purpose, other than the purposes set forth in the kidnapping statute. This element was crucial in this case because the evidence supported a finding that the appellant acted for the purpose of committing or facilitating the crime of robbery or grand theft. Accordingly, by the language of section 787.02(l)(a) and the standard jury instruction, the appellant could not be guilty of false imprisonment if the jury found the only purpose was to commit or to facilitate the commission of a felony. By refusing to give the standard jury instruction which would have allowed the appellant to establish this defense to the false imprisonment charges, the court erred. Shelby, 541 So.2d at 1219. See also Denmark; Chaeld v. State, 599 So.2d 1362 (Fla. 1st DCA 1992); Sigler v. State, 590 So.2d 18 (Fla. 4th DCA 1991).
We, accordingly, reverse and remand for a new trial on the false imprisonment charges. We affirm in all other respects.
CAMPBELL, A.C.J., and THREADGILL, J., concur.