DAUKSCH, Judge.
This is an appeal from a burglary conviction and a false imprisonment conviction. The evidence is that appellant entered a home as a burglar and before leaving, probably to facilitate his escape, he bound his victim with duct tape. For the binding he was convicted of false imprisonment. The standard jury instructions regarding this crime are as follows.
FALSE IMPRISONMENT
F.S. 787.02
Before you can find the defendant guilty of False Imprisonment, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [forcibly] [secretly] [by threat]
[confined]
*1246 [abducted]
[imprisoned]
[restrained]
(victim) against [his][her] will.
2. (Defendant) had no lawful authority.
3. (Defendant) acted for any purpose other than to:
a. hold for ransom or reward or as a shield or hostage.
b. commit or facilitate commission of any felony.
c. inflict bodily harm upon or to terrorize the victim or another person.
d. interfere with the performance of any governmental or political function.
Confinement of a child under the age of thirteen (13) is against his will if such confinement is without the consent of his parent or legal guardian.
As to element 3 there is a note telling the judge to give (a), (b), (e) or (d), as applicable. The judge gave none of them. From the evidence we believe it was necessary to give (b) because the jury could possibly find that the binding of the victim was done to facilitate the commission of the felony, burglary. If the jury so found then appellant would not be guilty of the crime. Even though no objection was made to the instructions, it was fundamental error to fail to properly instruct regarding an element of the crime. State v. Delva, 575 So.2d 643 (Fla.1991); Gloster v. State, 603 So.2d 1344 (Fla. 2d DCA 1992). See also Rojas v. State, 552 So.2d 914 (Fla.1989) from Rojas v. State, 535 So.2d 674 (Fla. 5th DCA 1988) where our supreme court held it was fundamental error to fail to instruct the jury regarding excusable and justifiable homicide. The conviction as to the burglary is affirmed. The false imprisonment conviction is reversed and a new trial ordered.
AFFIRMED; REVERSED.
COBB and ANTOON, JJ., concur.