SHAHOOD, Judge.
We deny petitioner Robert A. Scott’s petition for habeas corpus in which he alleges ineffective assistance of appellate counsel. Petitioner claims that he was entitled to that part of the standard jury instruction on false imprisonment which states:
3. (Defendant) acted for any other purpose other than to:
(b) commit or facilitate commission of any felony.
Petitioner argues that appellate counsel should have raised this issue in the initial appeal, and had counsel done so, the conviction would have been overturned.
Appellee concedes that the trial court did not give that portion of the instruction to the jury, but argues that under Sigler v. State, 590 So.2d 18 (Fla. 4th DCA 1991) reversal is unnecessary because the error has not been shown by petitioner to be fundamental. We agree.
In Sigler, this court considered on direct appeal a jury instruction that omitted the provision that the false imprisonment must have been for a purpose other than facilitation of another felony, where, as here, no objection was made to the instruction at trial. The court held that, “such an error may be fundamental when an improper instruction has the effect of negating the defendant’s only defense, as occurred here.” Id. at 20. The sole theory of defense presented to the jury in this case was misidentification. There was no argument made to the jury that the false imprisonment merely facilitated the burglary.
Finding no merit in the remaining contentions raised by petitioner, we deny the petition.
STONE, C.J., concurs.
WARNER, J., dissents with opinion.