WARNER, Judge,
dissenting.
I would reverse. From the appeal of the original conviction and sentence, we are apprised that petitioner was convicted of both burglary with a battery and false imprisonment. In brief, the facts show that the petitioner pushed the victim inside a house, told her not to scream, and demanded money. He held onto the victim as he looked for money, and unsuccessfully tried to tie a garment around her mouth. While his attention was on some drawers, the victim escaped. His main defense at trial was misidentification. On appeal we affirmed his conviction and sentence. See Scott v. State, 692 So.2d 1017 (Fla. 4th DCA 1997).
*61 Petitioner now claims that his appellate counsel failed to raise the trial court’s error in instructing the jury on false imprisonment. Even though section 787.02, Florida Statutes (1997), entitled “False Imprisonment,” is a general intent statute, in order to violate that statute, the state must prove as an element of the crime that the defendant acted for a purpose other than any of the purposes set forth in the kidnapping statute. See Shelby v. State, 541 So.2d 1219 (Fla. 2d DCA 1989). The petitioner could not have been convicted of false imprisonment if the jury had found that the only purpose for confining or restraining the victim was to facilitate the commission of another felony. See Gloster v. State, 603 So.2d 1344, 1346 (Fla. 2d DCA 1992).
The standard jury instruction on false imprisonment requires that the applicable portion of the following third element of the crime be given:
3. (Defendant) acted for any other purpose other than to:
(a) hold for ransom or reward or as a shield or hostage.
(b) commit or facilitate commission of any felony.
(c) inflict bodily harm upon or to terrorize the victim or another person.
(d) interfere with the performance of any governmental or political function.
Fla.Std.Jury Instr. (Crim.) 94e. In reading the instruction to the jury the trial court omitted section (b) from the charge. In Nutter v. State, 679 So.2d 1245 (Fla. 5th DCA 1996), decided prior to the filing of the initial brief in petitioner’s appeal, the court held it was fundamental error not to give section (b) when the jury could possibly find that the binding of the victim in that case was done to facilitate the commission of the burglary involved. Nutter cited State v. Delva, 575 So.2d 643, 645 (Fla.1991), where the supreme court held that fundamental error occurs in jury instructions “when the omission is pertinent or material to what the jury must consider in order to convict.”
Similarly, in the instant case the jury could have determined that the restraining of the victim was simply incident to the facilitation of the burglary. Without knowing that it could not convict the petitioner if it so found, the jury was deprived of material instructions necessary to convict.
The state contends that under Sigler v. State, 590 So.2d 18 (Fla. 4th DCA 1991), reversal is unnecessary. In Sigler, our court reversed a conviction for false imprisonment for failure to give the exact instruction omitted in this ease. In part, the opinion says, “[fjurther, such an error may be fundamental when an improper instruction has the effect of negating the defendant’s only defense, as occurred here.” Id. at 20. Noting that petitioner’s defense at trial was misidentification, the state concludes that since petitioner could argue his main defense, there was no fundamental error. However, Sigler does not refer to Delva, and I think Delva controls in this instance. The misidentification defense should not preclude the fundamental error rule from requiring that the jury be aware of the essential elements to convict the defendant of the crime of false imprisonment. By convicting the petitioner of the burglary, the jury obviously rejected the misidentification defense. But that defense does not negate the state’s burden to prove that the restraint of the victim was for a purpose other than to commit a felony. The jury was required to decide this issue in order to convict. Appellate counsel should have raised this issue requiring reversal in the initial appeal.