723 So.2d 307 (1998)
Delmetric DOWLING, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2998.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Delmetric Dowling appeals from his conviction and sentence for attempted first degree murder with a firearm, armed burglary of a structure with an assault, attempted robbery with a deadly weapon, three counts of false imprisonment with a firearm, and shooting a deadly missile. Appellant raises a number of issues on this appeal. However, we find that we need address only one point urged by appellant. Appellant claims that the trial court erred in instructing the jury on his false imprisonment charges by omitting that part of the standard jury instruction which states that "defendant acted for a purpose other than to commit or facilitate the commission of a felony." We disagree and affirm appellant's convictions.
During the early morning hours of June 25, 1996, Peter Griffith was making a delivery to TooJays Restaurant in Stuart, Florida, when he encountered Terry and John Demers. Griffith knew the Demers as the husband-wife night cleaning crew employed by the restaurant. As Griffith started to enter the restaurant, a man displaying a firearm approached him and forced him inside. Once inside, the gunman became aware of the presence of the Demers. He ordered John Demers to tie up his wife and Griffith with electrical cord. He then asked the victims where the safe was located. When Griffith responded that they could not help him *308 break into the safe, the gunman shot Griffith in the face at close range.
During the charge conference, the court announced that it would instruct the jury according to the standard jury instruction on false imprisonment. This instruction read as follows:
Before you can find a defendant guilty of false imprisonment, the State must prove the following three elements beyond a reasonable doubt:
(1) The defendant forcibly, secretly, or by threat confined, abducted, imprisoned, or restrained the victims against his or her will,
(2) The defendant had no lawful authority, and
(3) The defendant acted for any purpose other than to hold for ransom or reward or as a shield or hostage, commit or facilitate commission of any felony, inflict bodily harm upon or terrorize the victim or another person, or interfere with the performance of any governmental or political function.
The state requested the court to strike the third element of the instruction, since the false imprisonment statute, as amended, only contained the first two elements and did not require proof that the defendant acted for any purpose other than one of the purposes enumerated in the kidnapping statute. The trial court agreed that the language in the third element of the instruction was unnecessary and confusing.[1] Accordingly, when instructing the jury, the court stated:
As to counts IV, V, and VI, the charges are "False Imprisonment ." And before you find the defendant guilty of False Imprisonment, the State must prove the following three elements beyond a reasonable doubt (emphasis supplied).
1. [Defendant] forcibly or by threat, confined or abducted or imprisoned or restrainedthere is a different victim alleged in each count. As to count IV, Peter Griffith, against his will. As to count V, John Demers, against his will. And as to count VI Terry Demers, against her will.
2. [Defendant] had no lawful authority.
If you find the defendant guilty of any of the offenses defined under counts 1excuse meCounts IV, V and VI, you also need to decide if the defendant carried or possessed the firearm in the commission of the offense.
Although the trial judge initially informed the jury that the state had to prove three elements, he read only the first two elements of the false imprisonment instruction, as agreed during the charge conference. Now appellant argues that the court committed error by failing to recite the third element. He claims that this instruction eliminated his defense of having restrained the victims for the purpose of committing, or facilitating the commission of, felonies, i.e., armed burglary and robbery.
The state responds that appellant waived this issue on appeal by failing to object to the jury instruction at any time during trial. However, as appellant correctly counters, failure to give a complete or accurate instruction constitutes fundamental error if it relates to an element of the charged offense. See State v. Delva, 575 So.2d 643 (Fla.1991); Scott v. State, 710 So.2d 60 (Fla. 4th DCA 1998); Nutter v. State, 679 So.2d 1245 (Fla. 5th DCA 1996); Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996).
We agree with the state's main contention that the court did not err in instructing the jury, because the false imprisonment instruction it gave was complete and accurate in setting forth the elements of false imprisonment. Section 787.02, Florida Statute (1995) defines false imprisonment as follows:
(1)(a) The term "false imprisonment" means forcibly by threat, or secretly confining, abducting, imprisoning, or restraining, another person without lawful authority and against his will.
Unlike an earlier version of the false imprisonment statute, the statute under which appellant *309 was charged does not contain the language included in the third element of the standard jury instruction. Prior to amendment of the statute in 1995, false imprisonment was defined in this way:
(1)(a) The term "false imprisonment" means forcibly by threat, or secretly confining, abducting, imprisoning, or restraining, another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01. (emphasis supplied).
See § 787.02, Fla.Stat. (1991).
The above underlined language referred to the kidnapping statute, section 787.01, which contained the following specific intent element not included in the crime of false imprisonment:
(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
In support of its argument that the trial court's instruction was erroneous, appellant relies on Shelby v. State, 541 So.2d 1219 (Fla. 2d DCA 1989), and Sigler v. State, 590 So.2d 18 (Fla. 4th DCA 1991). Those cases, decided prior to amendment of the false imprisonment statute, essentially held that the omission of the third element of the standard instruction on false imprisonment constituted fundamental error, because it deprived the jury of its ability to acquit the defendant upon a finding that the defendant's conduct in restraining the victim was done simply to facilitate a felony. As we noted in Sigler, "such an error may be fundamental when an improper instruction has the effect of negating the defendant's only defense." Id. at 20.
However, under the new version of the statute, it is no longer necessary for the state to prove, as an element of the crime of false imprisonment, that the defendant acted for a purpose other than any of the purposes listed in the kidnapping statute. Section 787.02, as amended, is purely a general intent statute with no requirement that the state prove a negative specific intent. The legislative amendment effectively eliminated the defense that the defendant committed a greater offense (kidnapping), and not the necessarily lesser included offense (false imprisonment). Thus, it was not fundamental error for the trial court to omit the third element from the charge. Fundamental error occurs when the trial court fails to properly instruct the jury as to a material element of the crime charged and thereby misleads the jury as to what must be proved beyond a reasonable doubt. See Ingram v. State, 393 So.2d 1187 (Fla. 3d DCA 1981); Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978).
No such error occurred here, despite the court's deviation from the standard jury instruction. Our supreme court has often emphasized that their approval of standard jury instructions does not relieve the trial judge of his or her responsibility to "properly and correctly ... charge the jury in each case." Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598 (Fla.), modified, 431 So.2d 599 (Fla.1981); Vazquez v. State, 700 So.2d 5 (Fla. 4th DCA 1997), rev. granted, 705 So.2d 902 (Fla.1998), cause dismissed, 718 So.2d 755, (Fla. 1998) (citing State v. Bryan, 287 So.2d 73 (Fla.1973), cert. denied, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974)).
We conclude that the trial judge properly instructed the jury on the elements of false imprisonment and affirm appellant's convictions. As to all other issues raised, we also affirm.
AFFIRMED.
STONE, C.J., and STEVENSON, J., concur.
NOTES
[1] The Florida Supreme Court recently approved and adopted an amendment to the standard jury instruction on false imprisonment. The amended instruction deletes the third element entirely. See Standard Jury Instructions in Criminal Cases, ___ So.2d ___, 23 Fla.L. Weekly S407 (Fla. July 16, 1998).