736 So.2d 27 (1999)
Osby DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3171.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
Order Clarifying Opinion June 16, 1999.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of attempted burglary of a structure. On appeal, the appellant contends the jury instruction was inadequate, requiring a reversal of his conviction. We agree.
The offense of attempted burglary requires the specific intent to commit the crime of burglary and an overt act towards its commission. See Jones v. State, 608 So.2d 797 (Fla.1992); Ellis v. State, 425 So.2d 201, 202 (Fla. 5th DCA 1983). The essential elements of burglary are: "(1) entering or remaining in, (2) a structure or conveyance, and (3) with intent to commit an offense therein." State v. Waters, 436 So.2d 66, 69 (Fla.1983). Thus, "intent to commit an offense" therein *28 is an essential element of attempted burglary. See id. at 68.
Regarding the definition of burglary, the jury was instructed as follows,
Here comes the legal definition of burglary. Before you can find the Defendant guilty of burglary, the State must prove the following three elements beyond a reasonable doubt:
Element one, Osby Davis entered or remained in a structure.
Element two, Osby Davis did not have the permission or consent to enter or remain in the structure at the time.
And, element three, at the time of entering or remaining in the structure, Osby Davis had a fully informed conscious intent to commit the offense of burglary in that structure.
(* * *)
Even though unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit burglary, the defendant must be found not guilty.
(emphasis added).
Although the appellant did not object to the instruction in the trial court, the appellant argues on appeal that this instruction does not adequately define attempted burglary. Failure to object in the trial court precludes appellate review of an erroneous jury instruction, unless the error is fundamental. See Golden v. State, 497 So.2d 914, 915 (Fla. 3d DCA 1986). An inaccurate jury instruction constitutes fundamental error if the inaccuracy relates to an element of the charged offense. See Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998). As such, we must decide whether the inaccuracy of the jury instruction is related to an element of the offense of attempted burglary.
An analogous situation was recently presented to this Court in Viveros v. State, 699 So.2d 822 (Fla. 4th DCA 1997), wherein the trial court instructed the jury that the defendant was guilty of burglary if "he had the intent to commit the crime that was described in the charge [burglary]," but the defendant was not guilty "if the evidence does not establish that it was done with the intent to commit burglary." Id. at 824. Regarding this definition of burglary, we explained, "it is circular to define `burglary' by indicating the need to show an intent to commit `burglary' within the structure or conveyance, rather than an intent to commit an underlying `offense' within the structure or conveyance." Id. Concluding the jury instruction was fundamental error, we reversed the defendant's burglary conviction. See id. at 825.
Although the state acknowledges the instruction in Viveros was fundamental error, it contends the present case is distinguishable because Viveros was charged with burglary and the appellant in this case is charged with attempted burglary. According to the state, a burglary charge requires proof of the underlying offense, whereas attempted burglary does not require such proof. However, there is a difference between not identifying a specific underlying offense and essentially eliminating the requirement of an underlying offense altogether. Although the specific underlying offense need not be known to the jury, the intent to commit some underlying offense is an essential element of attempted burglary. See Waters, 436 So.2d at 68.
In the present case, the jury instruction did not adequately define the elements of burglary, as it omitted the requirement of "intent to commit an offense therein." Because the jury instruction's inaccuracy was related to an element of the offense of attempted burglary, it was fundamental error. See Dowling, 723 So.2d at 308. Accordingly, the appellant's conviction for attempted burglary is reversed.
REVERSED.
GUNTHER, TAYLOR and HAZOURI, JJ., concur.

*29 ON MOTION FOR CLARIFICATION

PER CURIAM.
We grant the state's motion for clarification, and add to our opinion that the appellant's conviction is reversed and remanded for a new trial.
REVERSED AND REMANDED.
GUNTHER, TAYLOR and HAZOURI, JJ., concur.