WARNER, C.J.
We affirm the trial court’s denial of appellant’s motion for postconviction relief in which he claimed that his counsel was ineffective for failing to object to a jury charge on false imprisonment. The trial court refused to instruct the jury in accordance with the standard jury instruction, which provided that the jury must find that the defendant acted for any other purpose other than to “commit or facilitate commission of any felony” in order to convict a defendant for false imprisonment. Because the statutory definition of false imprisonment was amended in 1993 to eliminate such a requirement, the trial court was correct in its instruction.
The appellant was initially convicted of false imprisonment and burglary of a dwelling. His conviction was affirmed on appeal. See Scott v. State, 692 So.2d 1017 (Fla. 4th DCA 1997). He then filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel based on counsel’s failure to argue fundamental error because of the trial court’s omission from the standard jury instruction of the provision that the false imprisonment must have been for a purpose other than facilitation of another felony. This court denied the petition, finding that this was not a fundamental error. See Scott v. State, 710 So.2d 60 (Fla. 4th DCA 1998)(ScottII).
Appellant then filed the postconviction motion that is the subject of this appeal. In that motion he alleged that his trial counsel was ineffective for failing to object to the false imprisonment instruction on the ground that it omitted the foregoing language from the charge. The trial court denied the motion.
Based on our reconsideration of the false imprisonment instruction, we conclude that the trial court was correct in denying the motion. We failed to observe in Scott II that the legislature amended the false imprisonment statute- in 1993. Prior to 1993, false, imprisonment was defined as confinement against a person’s will for any purpose other than those listed in the kidnapping statute. See § 787.02, Fla. Stat. (1991). The kidnapping statute included confinement with the intent to “[cjommit or facilitate commission of any felony.” § 787.01(l)(a)2, Fla. Stat. (1991). Therefore, the standard jury instruction formerly required that false imprisonment be proved by a confinement where the defendant acted for any purpose other *576 than those enumerated in the kidnapping statute, including to commit or facilitate another crime. However, the legislature amended the false imprisonment statute and redefined the same as follows:
(l)(a) the term “false imprisonment” means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will.
§ 787.02(l)(a), Fla. Stat. (1995); see Ch. 98-156, § 1, Laws of Fla. (effective May 5, 1998). Unfortunately, the standard jury instructions were not changed at that time to incorporate the new statutory definition.
In Dowling v. State, 723 So.2d 307, 309 (Fla. 4th DCA 1998), we recognized the statutory amendment and the fact that the standard jury instruction was changed in 1998 to reflect these changes to the elements of the crime. See Fla. Std. Instr. (Crim.) [97-2], 723 So.2d 123, 143 (Fla.1998). As we noted in Dowling, “under the new version of the statute, it is no longer necessary for the state to prove, as an element of the crime of false imprisonment, that the defendant acted for a purpose other than any of the purposes listed in the kidnapping statute.” Id. Based upon the legislative amendment, we affirmed in Dowling the trial court’s omission of the language from the older standard jury instruction which charges that the confinement be for some other purpose than the commission of any felony.
The facts of this case "are identical to Dowling. The trial court did not instruct the jury on the exact same language omitted in Dowling. In accordance with Dowl-ing, the trial court’s instruction was proper. Therefore, defense counsel could not be ineffective in the instant case for failing to object to a correct charge.
We affirm as to all other issues raised by appellant.
STONE and STEVENSON, JJ., concur.